321 So.2d 281 (1975)
JOHNSON & HIGGINS OF MISSISSIPPI, INC.
v.
COMMISSIONER OF INSURANCE OF the State of MISSISSIPPI.
No. 48360.
Supreme Court of Mississippi.
November 3, 1975.
*282 Watkins & Eager, Jackson, for appellant.
Wells, Gerald, Brand, Watters & Cox, Calvin L. Wells, Frank T. Moore, Jr., William B. Wicker, Jackson, for appellee.
Before RODGERS, SUGG and BROOM, JJ.
BROOM, Justice.
The Commissioner of Insurance refused to issue a full line insurance privilege license to appellant, Johnson & Higgins of *283 Mississippi, Inc., a Mississippi corporation, and a similar license to the other appellant, John A. Spencer (Spencer), an individual, as resident agent for the Corporation. On appeal to the Circuit Court of the First Judicial District of Hinds County, the Commissioner's action was affirmed. The two applicants appeal here and we reverse.
Chief among the several issues raised are the following: (1) Is a corporation eligible for licensing as an insurance agency pursuant to Mississippi Code Annotated sections 83-17-205 (1972) and 27-15-85 (1972)? (2) May the Commissioner of Insurance pierce the veil of a Mississippi corporation and ignore its corporate existence upon finding that it is wholly owned by a New York corporation?
The following facts are revealed by the record. On June 12, 1973, Johnson & Higgins of Mississippi (authorized by its charter to conduct a general agency and a general business as insurance agent in various classes and forms of insurance and re-insurance) applied for a full line privilege license. Accompanying that application was an application for a full line privilege license for Spencer, who was to serve as resident agent. By letter on July 23, 1973, the insurance commissioner formally declined to issue the licenses applied for. On September 6, 1973, the applicants requested a recorded hearing on the matters.
Hearing was held on December 10, 1973, after which the Commissioner again refused to issue the licenses. In support of her decision, she cited the following reasons:
(1) That Johnson & Higgins of Mississippi is a wholly owned subsidiary of Johnson & Higgins, Inc. (a New York corporation herein referred to as Johnson & Higgins of New York) and that Johnson & Higgins of New York refuses to disclose its stockholders. Further, full disclosure of the stockholders would be necessary in order to assure compliance with Mississippi Code Annotated section 83-21-15 (1972) dealing with the regulation of non-resident brokers or agents.
(2) That the petitioners offered no evidence as to whether any officer, director or shareholder of Johnson & Higgins of New York currently held a license as a non-resident agent.
(3) That the petitioners presented no evidence that they did not contemplate violating Mississippi Code Annotated sections 83-17-21 (1972), requiring that policies be written through resident local agents, or 83-17-7 (1972), forbidding payment of commissions on policies written on risks in this state to an unlicensed recipient.
(4) That it has been the past practice of the Commissioner of Insurance of this state to deny a license to any corporation where it was known to such commissioner that the corporation was dominated by non-residents of the state and particularly when there was an indication that a non-resident agent licensed by the state had an interest in such a corporation.

I.
The first proposition we reach is: May a corporation be licensed as an insurance agency under the laws of Mississippi? Appellees contend that the 1964 amendment of current Mississippi Code Annotated section 83-17-205 (1972), which requires that the applicant for a license to be a "natural person," effectively denies a corporation the right to be licensed as an agency. This construction overlooks the fact that two separate classifications of licensees are clearly contemplated by the legislature in statutes related to insurance agents and agencies.
*284 Mississippi Code Annotated section 27-15-85 (1972), entitled "Incorporated insurance agencies and general agencies," imposes a state-wide privilege tax on such agencies. Mississippi Code Annotated section 27-15-87 (1972) imposes a similar tax on agents or solicitors.
Section 27-15-85 provides in part:
Every person acting as agent or solicitor for any such agency shall qualify under the provisions of sections 83-17-201 to XX-XX-XXX, Mississippi Code of 1972; and no person shall be exempt from the privilege tax placed on insurance agents by this section by reason of the fact that he is a stockholder or officer in any such incorporated agency, or by reason of the fact that he represents such an agency, but every agent or solicitor, except two executive officers of such agency, shall pay the privilege tax herein imposed.
Section 27-15-87 provides:
Whenever a solicitor is employed by any such agent or agency to solicit business for its account... .
At least three other statutes refer to the existence of an incorporated agency: Mississippi Code Annotated sections 83-5-19 (1972), XX-XX-XXX (1972), XX-XX-XXX (1972).
Although in the strict legal sense, "agency" denotes the relationship between a principal and one empowered to act for him, it has been recognized that "agency" in every day usage may also refer to a place of business. Atlanta Accident Ass'n v. Bragg, 102 Ga. 748, 29 S.E. 706 (1897).
Logic dictates the conclusion that the legislature recognized the existence of an incorporated agency operated by a qualified agent or agents, taxable by law, capable of maintaining a central place of business, complete with clerical personnel, for the administration of its affairs. This conclusion is augmented by the fact that the blank forms, provided by the Commissioner herself to license applicants, repeatedly and expressly recognized the distinction between individual agent applicants and corporate agency applicants.
The above statutes considered in their entirety with the attendant circumstances, coupled with the fact that there are approximately 276 licensed incorporated insurance agencies in Mississippi, preclude any finding that a corporate agency is not a proper legal entity for licensing.

II.
By requiring that Johnson & Higgins of New York disclose the rolls of its stockholders, the Commissioner ignored the separate corporate identities of Johnson & Higgins of Mississippi and Johnson & Higgins of New York.
The general rule of law basic to the concept of the corporation is that the distinct corporate identity will be maintained unless to do so would subvert the ends of justice. In disregarding the separate existence of Johnson & Higgins of Mississippi, the Commissioner made the following findings of fact:
1. That Johnson & Higgins of New York owns one hundred percent of the stock of Johnson & Higgins of Mississippi.
2. That Johnson & Higgins of New York is a "closed corporation."
Based on these findings, the Commissioner chose to ignore the corporate existence of Johnson & Higgins of Mississippi and required the disclosure of the shareholders of Johnson & Higgins of New York.
With regard to corporate identity, it has been said:
The corporate entity is distinct although all or a majority of its stock be owned by a single individual or corporation, or although the corporation is a *285 so-called "family" or "closed" corporation. 18 Am.Jur.2d Corporations § 13 at 558-59 (1965).
Also:
Ownership of all the stock of a corporation coupled with common management and direction does not, however, operate as a merger of the two corporations into a single entity... . One corporation may be disregarded where the two are identical or indistinguishable in fact. Unless it is a mere instrumentality or agency or adjunct in that sense, or as a sham or is used in fraud, by the dominant corporation, it will not be disregarded; and it will not be disregarded; unjustly. (1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 43 at 209 (Perm.Ed. 1974)).
Nothing in the record indicates that Johnson & Higgins of Mississippi was a mere instrumentality, or agency or adjunct of Johnson & Higgins of New York in the sense that the two corporations are identical or indistinguishable in fact. Nor was it shown that Johnson & Higgins of Mississippi was a sham or to be fraudulently used by the dominant corporation.
Mississippi has recognized the wisdom of maintaining separate identities:
Ordinarily two or more corporations are separate and distinct entities although the same individuals are the incorporators of, or own stock, in the several corporations, and although such corporations may have the same persons as officers. Murdock Acceptance Corp. v. Adcox, 245 Miss. 151, 163, 138 So.2d 890, 895 (1962).
Piercing the veil of a subsidiary in order to deal with its parent corporation should not be lightly undertaken:
[T]he mere fact that one owns all the stock of the other, or substantially all, is not enough to warrant disregard, in the absence of some fraudulent purpose; nor is the fact that there was an opportunity to exercise control. Furthermore the fact that the shareholders of the two corporations are the same is not of itself sufficient to treat the two corporations as one. Fletcher, supra, § 43, at 210.
The record does not reveal that recognition of the two corporations as separate entities would do violence to clear legislative purposes as expressed in pertinent statutes; therefore, their separate existence should have been recognized. 18 Am.Jur.2d Corporations § 14 at 559-61 (1965).

III.
Having determined that the Commissioner erred in disregarding the legal existence of Johnson & Higgins of Mississippi, it follows that the Mississippi Corporation's request was a valid application for a domestic corporate agency license. Mississippi Code Annotated section 83-21-15 (1972) deals solely with the licensing and regulation of non-resident agents and brokers. Any contemplated violation would have to be on the part of a non-resident agent or broker and not on the part of the corporation. The remedy would lie against the offending individual. Section 83-21-15 cannot be validly construed to authorize the denial of a corporate agency license to a qualified applicant. The record shows that Mr. Avegno, President of Johnson & Higgins of Mississippi, is a licensed non-resident agent, but it is not made to appear that he has any "pecuniary interest" in the corporation as prohibited of such non-resident agents by section 83-21-15. Should it be shown that such a licensed non-resident agent has a pecuniary interest in the corporate licensee, then not the license of the corporation but of the individual person (Avegno) would be in jeopardy.
Mississippi Code Annotated section 83-17-21 (1972) deals specifically with insurance companies not incorporated under the laws of this state. At the time of its application, Johnson & Higgins of Mississippi had already been incorporated under Mississippi statutes and was applying for a *286 license to operate as an incorporated agency. The statute (§ 83-17-21) is clearly inapplicable.

IV.
The Commissioner also found that there was no evidence of the agency's intention to comply with Mississippi Code Annotated section 83-17-7 (1972) forbidding commissions to unauthorized agents. Once Johnson & Higgins of Mississippi is licensed as a corporate agency, it will be qualified under the statute to receive such commissions. Assuming that the Commissioner infers a violation of this statute from the fact that Johnson & Higgins of Mississippi will pay dividends to Johnson & Higgins of New York, it should be noted that dividends are payable only from distributable earnings. Even though such earnings may derive from commissions paid to the agency, we cannot hold that the possibility of payment of dividends therefrom would be in violation of section 83-17-7. See Rogers v. Ramey, 198 Ky. 138, 248 S.W. 254 (1923), where the Kentucky court distinguished "dividends" from "rebates" which were prohibited by statute. We recognize the difference between "dividends" and "commissions." Commissions, of course, may not be paid in violation of the statute, but such a violation is not demonstrated by the evidence which was presented the Commissioner.
The regulatory statutes should not be applied prospectively to deny licenses to presently qualified applicants. Their good faith will be presumed in the absence of some overt manifestation of an intention to the contrary. Once they have complied with the statutory requirements, they have no further burden of proof to negate a mere possibility of some future violation.

V.
The Commissioner found that she, and the previous commissioners, had consistently refused to grant a license to any corporation "where it was known to such commissioner" that it was dominated by non-residents of the state, and particularly where a question was raised that a non-resident agent of the state of Mississippi had an interest in such corporation. We shall discuss both aspects of this feature of the case.
First, the Commissioner may exercise only those powers that have been expressly granted by the constitution or by statute or may be reasonably inferred from those which have been so granted. 2 G. Couch, Cyclopedia of Insurance Law § 21:5 at 446 (2d ed. 1959). There is no statutory requirement that a corporation to be licensed as an agency be controlled by residents of Mississippi, and the Commissioner had no right to so require. She may not impose limitations not authorized by law. Id. The previous Commissioner conceded on the record that he might have exceeded his statutory authority in enforcing such a requirement. When an applicant satisfies the statutory requirements, it is the duty of the Commissioner to issue a license. She cannot add to such requirements in the absence of express authority to do so. Couch, supra, § 21:11 at 455.
Second, the findings of the Commissioner reflect that such a requirement was enforced only when it was known to the Commissioner that the corporation was dominated by non-residents of Mississippi. In the absence of some uniform procedure for the disclosure of such information, the actions of the Commissioner based on happenstance knowledge can only be characterized as arbitrary and capricious.
Accordingly, we reverse the order of the circuit court and remand the cause to the Commissioner with directions to issue the licenses to Johnson & Higgins of Mississippi, and John A. Spencer, as applied for.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.