BILLY G. BRIDGES, Commissioner
for the Court:[1]
Appellant filed a bill of complaint praying for injunctive relief and for an accounting against appellee in the Chancery Court of Panola County, Mississippi. As grounds for relief, appellant alleged that Poloron Products, Inc., a New York corporation, and its subsidiary, Poloron Products of Mississippi, Inc., were in breach of a contract executed by and between appellant, then known as Pyramid Mills Company, Inc., and *606 Poloron Products, Inc., on March 9, 1972, which said contract provided in part, which said part is the essence of this lawsuit, that Poloron Products, Inc. would pay to appellant a certain royalty based upon said Polo-ron’s net sales and that said Poloron shall keep full, true and accurate books of account and records containing all particulars which may be necessary for the purpose of showing the amount of royalties payable under the agreement annually.
Said agreement between the parties further provided therein as follows:
The license granted herein is personal to POLORON, its subsidiaries and divisions and POLORON shall not have the right to grant sublicenses hereunder except with PYRAMID’S prior written approval and, in the event any such sublicense is granted, PYRAMID shall look to POLO-RON for all royalties for decorative ornaments manufactured thereunder. As used herein, subsidiary means any company in which POLORON owns more than fifty percent (50%) of the outstanding stock. This license also shall not be assignable by POLORON except to a successor of POLORON’s entire decorative ornament business and then only upon prior written notice to PYRAMID. This agreement and the rights of PYRAMID hereunder may be assigned by PYRAMID, and, in such event, shall enure to the benefit of and be binding upon any such assignee or successor of PYRAMID.
The proof in the court below showed that Poloron Products, Inc. accounted for and paid the royalties due appellant for the years 1972 and 1973 under the terms of said contract. Thereafter, for the years 1974 and 1975, no accountings or payments were made; and the suit in the court below was filed.
Initially, only Poloron Products, Inc. was named as a defendant in said suit; and by amendment Poloron Products of Mississippi, Inc., a subsidiary of said original defendant, was made a party defendant. The suit was dismissed as to the parent corporation, Po-loron Products, Inc., for lack of service of process.
The chancellor, after two hearings and examining the briefs submitted by both parties, concluded that the contract was between appellant and Poloron Products, Inc., of New York alone, and that the parent had not denied full responsibility for the contract, but admitted at trial that if anyone was liable it was the parent. The court appropriately noted that this suit was originally brought against the parent (Polo-ron Products, Inc.) as doing business in Mississippi, and that no reason was shown in the trial why relief had not been sought against the parent by a proper suit. The chancellor further found that there was no proof that defendant, Poloron Products of Mississippi, Inc., had anything to do with the contract or the activities and benefits thereunder, or was a party to any accounting to appellant for the years 1972 and 1973.
The contract was an exclusive agreement between appellant and Poloron Products, Inc., of New York. The court below, and the Court here, construes the contract as not making the subsidiary a party to it. There is no proof or intimation that Poloron Products of Mississippi, Inc., or any other subsidiary was created for the purpose of profiting from the contract while the parent company evaded the burden end of it.
The appellee, Poloron Products of Mississippi, Inc., denied that appellant had no adequate remedy at law in the court below, since if a right to relief was established, appellant would be entitled to a money judgment. The appellee further alleged as an affirmative defense that appellant had delayed for more than two years in instituting suit, which clearly illustrated that appellant was not entitled to injunctive relief.
The appellant argues that under the above cited provision of said agreement Po-loron Products of Mississippi, Inc. is a subsidiary of the defendant, Poloron Products, Inc., and therefore is a proper party to this action and is liable under the terms of said agreement and that Poloron Products, Inc. (of New York) is attempting to avoid liabili *607 ty by acting through its agent and subsidiary, Poloron Products of Mississippi, Inc.
This Court has heretofore found in the case of Robinson v. Martel Enterprises, Inc., 337 So.2d 698 (Miss.1976), the general rule in interpreting contracts is that the Court will look only to the four corners of the instrument to ascertain and give effect to' the intention of the parties. Further, this Court in Johnson and Higgins of Mississippi, Inc. v. Commissioner of Insurance, 321 So.2d 281 (Miss.1975), established the rule that the subsidiary corporation will be treated as an entity separate from the parent.
We agree with the finding of the chancellor and his decree is, therefore, affirmed.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
SMITH, P. J., and COFER, J., took no part.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.