**NORTH AMERICAN PLASTICS, INC., Plaintiff,**

**v.**

**INLAND SHOE MANUFACTURING CO., INC., et al., Defendants.**

**No. EC82–357–NB–D.**

United States District Court, N.D. Mississippi, E.D.

July 26, 1984.

J. Gordon Flowers, Columbus, Miss., for plaintiff.

Richard H. Spann, J. Tyson Graham, Columbus, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came on for hearing on the motion filed by Michael Industries, Inc. (Michael) seeking either dismissal for lack of *in personam* jurisdiction or, alternatively, summary judgment. Having considered the pleadings, memoranda, and affidavits submitted by the parties, and having heard oral argument by counsel, the court is now in a position to rule on the motion.

This action arose from the following undisputed facts. Defendant Inland Shoe Manufacturing Co., Inc. (Inland Shoe), a Missouri corporation now in bankruptcy, purchased goods and merchandise on open account from plaintiff North American Plastics, Inc. (North American), a Mississippi corporation. Inland Shoe subsequently defaulted on the indebtedness, leaving a principal balance of $170,651.84 outstanding. North American sought to recover this amount from both Inland Shoe and Lehigh Valley Industries, Inc. (Lehigh), a Delaware corporation allegedly the alter ego of Inland Shoe. Both defendants motioned for dismissal based on lack of *in personam* jurisdiction; in addition, Lehigh alternatively motioned for summary judgment.

The court addressed Inland Shoe's contention regarding insufficient contacts in a short unpublished decision. Since Inland Shoe deliberately contracted with a Mississippi plaintiff, and shipped products into Mississippi, the court determined that the long-arm jurisdiction of the State of Mississippi applied. Thus, Inland Shoe's motion to dismiss was summarily denied by the court.

Lehigh's motion to dismiss involved the application of the corporate "piercing" doctrine to acquire long-arm jurisdiction. Le-

high disavowed any contacts whatsoever with the State of Mississippi; furthermore, it disclaimed liability for the indebtedness of Inland Shoe. However, North American contended that Inland Shoe was an "instrumentality" of Lehigh, due to the allegedly extreme similarities between the two corporations. Thus, North American argued that the corporate veil of Lehigh should be "pierced," whereby Lehigh and Inland Shoe would constitute the same entity. Therefore, since long-arm jurisdiction existed over Inland Shoe, North American reasoned that the "piercing" doctrine rendered Lehigh subject to the same long-arm jurisdiction.

In a separate unpublished opinion, the court determined that Lehigh performed no corporate act which would subject it to the long-arm jurisdiction of the State of Mississippi. Furthermore, the court refused on the facts to apply the "instrumentality" rule so as to pierce Lehigh's corporate veil, despite some commonality of officers.[1] The court noted that the fiction of a separate corporate existence should be upheld unless, under the "instrumentality" rule, the corporation exists to perpetrate a fraud or is a mere instrumentality designed to subvert the ends of justice. Since bald allegations of fraud and commonality of ownership were deemed insufficient grounds for piercing the corporate veil, the court refused to treat Inland Shoe and Lehigh as the same entity. Therefore, Lehigh's motion to dismiss due to lack of contacts with the State of Mississippi was granted.

North American subsequently obtained a judgment of liability against Inland Shoe,[2] to which Inland Shoe responded by declaring bankruptcy. Thereafter, North American amended its complaint to seek recovery from Michael, a New York corporation which allegedly constitutes another alter ego of Inland Shoe. Michael has filed this motion seeking either dismissal for lack of

*in personam* jurisdiction or, alternatively, summary judgment. Michael's motion is based on the same grounds as Lehigh's previous motion, *i.e.*, lack of minimum contacts with the State of Mississippi and inapplicability of the piercing doctrine to the facts of the case.

Defendant Michael is neither licensed nor authorized to do business in Mississippi. The Mississippi long-arm statute, Miss. Code Ann. § 13-3-57 (1978), which establishes the requirements for the assumption of *in personam* jurisdiction over a non-resident defendant, provides in part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi.

Admittedly, Michael has performed no corporate act which directly justifies long-arm jurisdiction. Thus, North American again seeks application of the instrumentality rule, contending that Michael should be considered the same corporation as Inland Shoe and therefore be subject to long-arm jurisdiction.

A basic premise of corporate law, both in Mississippi and throughout the nation, is that a corporation possesses a separate identity from its shareholders, whether such shareholders are individuals or corporations. *See FMC Finance Corp. v. Murphree*, 632 F.2d 413, 421 (5th Cir.1980) (consideration of piercing doctrine between parent and subsidiary). The corporate veil

**1.** During the period in which the indebtedness was incurred, Jeffrey K. Endervelt was president of Lehigh and was a member of the board of directors and chairman of the finance committee of Inland Shoe.

**2.** The actual amount of the liability remains in dispute, since Inland Shoe has alleged various set-offs against North American.

should not be "pierced" unless the corporation exists to perpetrate a fraud or is a mere instrumentality, agent, adjunct, or sham designed to subvert the ends of justice. *Johnson & Higgins of Mississippi, Inc. v. Commissioner of Insurance of Mississippi*, 321 So.2d 281, 285 (Miss.1975) (acceptance of piercing doctrine and instrumentality rule in Mississippi).

In seeking to pierce the corporate veil, North American points to the following intercorporate relationships between and among Inland Shoe, Michael, and Lehigh [3]:

(1) Jeffrey K. Endervelt is president of both Michael and Lehigh and is on the board of directors and chairman of the finance committee of Inland Shoe.

(2) During the period in which the indebtedness was incurred, Michael owned all of the stock of Inland Shoe, and seventeen percent of the common stock and forty-five percent of the preferred stock of Lehigh.

(3) Michael and Lehigh shared office space in New York; Inland Shoe held corporate meetings in this office.

(4) Michael owed $5,000,000.00 to Inland Shoe due to two transactions wherein Inland advanced profits of $2,500,000.00 in lieu of dividends to both Michael and a predecessor in interest of Michael.

(5) Michael allegedly drained the assets of Inland Shoe by foreclosing on and thus acquiring a building worth $1,200,000.00 due to the failure of Inland Shoe to pay the final $185,000.00 installment on an indebtedness owed to Michael.

(6) Michael allegedly drains the assets of Inland Shoe through the collection of allegedly excessive management fees of between $300,000.00 to $600,000.00 annually.

(7) Michael purchased insurance for Inland Shoe.

(8) Michael guaranteed some debts of Inland Shoe; allegedly, Michael was "selective" in its guarantees.

Although the piercing doctrine is accepted in Mississippi, no Mississippi cases are found in which the doctrine has successfully been used to acquire long-arm jurisdiction over a non-resident corporation. *Cf. Johnson v. Warnaco, Inc.*, 426 F.Supp. 44, 47–53 (S.D.Miss.1976)) (unsuccessful attempt to use piercing doctrine for long-arm jurisdiction); *see also Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc.*, 519 F.2d 634, 637–38 (8th Cir.1975) (sufficient evidence whereby district court jury could pierce corporate veil for long-arm jurisdiction); *Merkel Associates, Inc. v. Bellofram Corp.*, 437 F.Supp. 612, 617 (W.D.N.Y.1977) (unsuccessful attempt to use piercing doctrine for long-arm jurisdiction). However, Mississippi courts have repeatedly cautioned that the corporate veil should be pierced only under unusual circumstances. *E.g., T.C.L., Inc. v. Lacoste*, 431 So.2d 918, 922 (Miss. 1983); *Highway Development Co., Inc. v. Mississippi State Highway Commission*, 343 So.2d 477, 480 (Miss.1977).

In contrast to the strict standard which a plaintiff must meet for application of the piercing doctrine, the procedure applicable on a motion to dismiss for lack of *in personam* jurisdiction requires a liberal reading for the plaintiff:

> When in personam jurisdiction is challenged by motion to dismiss or responsive pleadings, the burden is with the plaintiff to show the court a basis for the assertion of long-arm jurisdiction. This burden is met, however, by only a threshold *prima facie* showing that jurisdiction is conferred by the state long-arm statute; and, the pleadings and affidavits should be construed most strongly against the moving party. Of course, at the trial on the merits, the court is not bound by its findings of fact on the jurisdictional issue....

2 *Moore's Federal Practice* ¶ 4.41–1–[3] (2d ed. 1981) (footnotes omitted). *See also Benjamin v. Western Boat Building*

---

**3.** Only the relationships between Michael and Inland Shoe are relevant for purposes of the "piercing doctrine"; however, North American has outlined the relationships between and among Michael, Inland Shoe, and Lehigh in an attempt to demonstrate the applicability of the instrumentality rule.

*Corp.,* 472 F.2d 723 (5th Cir.), *cert. denied,* 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973) (burden on invoking party to establish jurisdiction of court).

■ Thus, this court is confronted with the quandry of a liberal construction of the plaintiff's pleadings in a motion to dismiss, and the strict requirement of unusual circumstances to pierce the corporate veil. In resolving this dilemma, the court notes that the issues involved in the piercing question concern the ultimate merits of the case. Furthermore, the court notes that jurisdiction is undoubtedly proper in the home state of the defendant, where a court may avoid the preliminary factual determination required in this court and instead proceed directly to the merits. In contrast, if this court were to lightly pierce the corporate veil so as to acquire long-arm jurisdiction, a prolonged factual inquiry may merely resolve that jurisdiction is improper, thus necessitating another factual inquiry as to the merits in the defendant's home court. Thus, this court holds that, absent a sufficient allegation of particularized facts, judicial economy requires that the corporate veil should not be preliminarily pierced for long-arm jurisdiction on the mere unsubstantiated allegations in the pleadings. *Cf. In Re Mid-Atlantic Toyota Antitrust Litigation,* 525 F.Supp. 1265, 1275 (D.C.Md. 1981) (piercing inappropriate for long-arm jurisdiction absent allegations demonstrating instrumentality).

■ In order to make a *prima facie* case of jurisdiction, the plaintiff must make sufficiently particularized allegations demonstrating the applicability of the piercing doctrine to the facts of the case. The determination of whether a corporation constitutes an instrumentality is inherently factual; thus, no mechanical verbalization of a piercing test is possible. *See FMC Finance Corp.,* 632 F.2d at 422. However, the factors set forth in *Johnson v. Warnaco, Inc.,* 426 F.Supp. at 49, are relevant to such determination:

(1) The parent corporation owns all or a majority of the capital stock of the subsidiary. (2) The parent and subsidiary corporations have common directors or officers. (3) The parent corporation finances the subsidiary. (4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation. (5) The subsidiary has grossly inadequate capital. (6) The parent corporation pays the salaries or expenses or losses of the subsidiary. (7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. (8) In the papers of the parent corporation and in the statements of its officers, "the subsidiary" is referred to as such or as a department or division. (9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation. (10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Id., quoting Fish v. East,* 114 F.2d 177, 191 (10th Cir.1940).

■ Although the first and second factors exist in the present case, courts construing Mississippi law have determined that commonality of ownership or officers, absent more, is not sufficient for application of the piercing doctrine. *See U.S. v. State Tax Commission of State of Mississippi,* 505 F.2d 633, 637 (5th Cir.1974); *see also Home Telephone Co. v. Darley,* 355 F.Supp. 992, 999 (N.D.Miss.1973), *aff'd,* 489 F.2d 1403 (5th Cir.1974) (commonality of officers insufficient for disregarding corporate entity). The plaintiff has baldly alleged that the parent corporation finances the subsidiary, but has not specifically asserted any such financing; thus, this unsubstantiated allegation adds nothing to the plaintiff's *prima facie* case.

It is apparent that North American has not adequately made out a *prima facie* case whereby the corporate veil should be pierced. Accordingly, this court determines that *in personam* jurisdiction does not exist over Michael. Therefore, Mi-

chael's motion to dismiss is well taken and should be sustained.

Let an order issue accordingly.