**NATIONAL IRANIAN OIL COMPANY, Plaintiff,**

v.

**ASHLAND OIL, INC., Defendant.**

**Civ. A. No. J85–1064(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 27, 1986.

---

Alex A. Alston, Jr., Jackson, Miss., for plaintiff.

Wm. F. Goodman, Jr., Jackson, Miss., Robert J. Brookhiser, Jr., Howrey & Simon, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the application of plaintiff National Iranian Oil Company (NIOC) for appointment of an arbitrator, to compel arbitration and for a stay. Defendant Ashland Oil, Inc. (Ashland) filed timely response in opposition to the application and moved separately to dismiss the application, to compel discovery and for a scheduling order. The court has reviewed the memoranda with attachments submitted by the parties in considering the motions.

This litigation relates to the international sale of Iranian crude oil by NIOC through the 1970's. Beginning in 1973, Ashland's subsidiaries, Ashland Overseas Trading Limited (AOTL) and Ashland Bermuda Limited (ABL), utilized NIOC as the primary supplier of crude oil from the Middle East region under long-term contracts. In the midst of the Islamic revolution in Iran during 1978–79, NIOC on several occasions repudiated, then renegotiated, its contracts with Ashland's subsidiaries. The parties entered a contract on March 11, 1979 for the sale by NIOC of 150,000 barrels of crude oil per day to AOTL for a two-year, nine-month term. The March contract was repudiated by NIOC on April 10, 1979, and a new form of contract was signed by the parties on April 11, 1979, whereby AOTL would purchase 115,000 barrels per day through December 31, 1979.

Ashland alleges that from April through November 1979, NIOC unilaterally reduced the supply provided for in the April contract from 115,000 barrels per day to 95,000, and also demanded and received higher prices than those agreed upon in the contract. Performance of the contract continued, however, until the seizure of the hostages at the American Embassy in Tehran on November 4, 1979, whereupon NIOC cancelled all further deliveries of crude oil to AOTL. At that time, several cargoes of NIOC crude were en route to AOTL. AOTL received these shipments and has to date refused to make payment for them on two grounds: (1) NIOC, in order to receive payment for these cargoes, was to present certain documents to certain banks pursuant to the terms of documentary letters of credit provided in the contract, which presentation was not made; (2) the money withheld was to cover damages suffered by AOTL as a result of NIOC's breaches of the March and April contracts. The disputed amount totals some $282,000,000.00.

Article X of the April contract provides for arbitration of "any dispute between the parties [defined in the preamble to the contract as NIOC and AOTL] arising out of this contract." Article X also provides that "the seat of arbitration shall be in Tehran." Each party is to appoint an arbitrator under the contract. NIOC instituted the instant action in this court on November 18, 1985, alleging therein that Ashland breached the April contract by failing to make payment. Ashland filed its answer and counterclaim and served interrogatories and a document request upon NIOC. NIOC's application for appointment of an

arbitrator and to compel arbitration followed accordingly.[1]

The Federal Arbitration Act provides that a party to a contract containing an arbitration clause may petition any federal district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The district court's power is, however, limited to ordering arbitration proceedings "within the district in which the petition for an order directing such arbitration is filed." *Id.* Alternatively, 9 U.S.C. § 206 allows a district court to enter an order compelling arbitration, in accordance with the agreement, at any place specified in the agreement, provided that such situs is in a foreign jurisdiction which is a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention). As stated, the contract at issue here provides for arbitration only in Tehran, Iran. Iran is not a signatory to the Convention. 9 U.S.C. § 201.

■ NIOC seeks an order compelling arbitration proceedings in Jackson, Mississippi, despite the designation of Tehran, Iran as the arbitration situs in the contract. NIOC finds support for its interpretation of 9 U.S.C. § 4 in recent statements by the United States Supreme Court indicating a strong federal policy favoring arbitration. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1242–43, 84 L.Ed.2d 158 (1985) ("[t]he preeminent concern of Congress in passing the [Arbitration] Act was to enforce private agreements into which parties had entered," a concern which "requires that we rigorously enforce agreements to arbitrate."); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbi-

tration"). The court cannot construe this federal policy favoring arbitration as rendering the jurisdictional limitations placed on district courts in 9 U.S.C. § 4 mere nullities. Section 4, and indeed the federal policy favoring arbitration, require strict construction of the arbitration provision of the contract. The court is not empowered by § 4 to rewrite the venue provision of the arbitration clause, or to provide an arbitration situs within this district in the absence of a contractual provision so indicating.

In *Snyder v. Smith,* 736 F.2d 409, 419–20 (7th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984), the Seventh Circuit reversed a district court's order compelling arbitration in Illinois in contravention of a forum-selection clause in the contract's arbitration clause designating Texas as the arbitration situs, stating at length,

> [I]f Snyder were to prevail here, any party to an arbitration agreement could avoid the effect of an agreed-to forum merely by filing suit in a different district. This in turn could lead to the parties racing to different courthouses to obtain what each thinks is the most convenient forum for it, in disregard of its contractual obligations. This disregard is not what Congress intended when it enacted a statute to make arbitration agreements enforceable. Thus, the district court in this case had no power under the statute to order arbitration in its district in contravention of the parties' agreement.

*Snyder* indicates, however, that there may exist in a given case "compelling or countervailing" reasons why a forum-selection clause should not be enforced. *Id.* at 417. *See also M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15–19, 92 S.Ct. 1907, 1916–1918, 32 L.Ed.2d 513 (1972). NIOC

---

1. Both NIOC and Ashland have taken the opportunity to exhaustively brief and document their respective positions on whether arbitration is proper in this district, and the court is of the opinion that the parties' requested oral argument would not provide further substantial illumination of the issues. Thus, oral argument is

unnecessary. *See Commerce Park at DFW Freeport v. Mardian Construction Co.,* 729 F.2d 334, 340 (5th Cir.1984) (evidentiary hearing on motion to stay pending arbitration not required where no disputed factual issues going to legal question of arbitrability existed).

argues that such reasons exist here because Ashland has refused to arbitrate in Iran. Presumably, therefore, the agreement to arbitrate will be effectively rescinded if the NIOC is not allowed to enforce the agreement elsewhere.

■ The court reads 9 U.S.C. § 4 as strict limitation on its power to enforce arbitration agreements. That power is limited to enforcing arbitration agreements according to their terms and does not include a roving equitable license to accommodate the convenience of the parties by providing a forum for arbitration upon request. As this court is not empowered by the Federal Arbitration Act to compel arbitration of this dispute in this district, Ashland's motion to dismiss NIOC's application for appointment of an arbitrator, to compel arbitration and for a stay should be granted.[2]

Accordingly, it is ordered that plaintiff's application for appointment of an arbitrator, to compel arbitration and for a stay is denied. Defendant's motion to dismiss plaintiff's application is granted. For the reasons stated previously in this opinion, plaintiff's motion for a protective order staying discovery is denied; defendant's motion to compel discovery and for a scheduling order is granted.

---

**2.** The court will not here address the sufficiency of NIOC's pleadings for purposes of "piercing the corporate veil" or establishing the contractual liability of Ashland on the NIOC–AOTL contract on an "alter ego" theory. Those issues would be proper for consideration on a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *See North American Plastics v. Inland Shoe Mfg. Co.,* 592 F.Supp. 875 (N.D.Miss.1984); *McCardle v. Arkansas Log Homes, Inc.,* 633 F.Supp. 897 (S.D.Miss.1986).