**LIFELINE AMBULANCE SERVICES, INC. and Greg Birge, Plaintiffs,**

**v.**

**LAIDLAW, INC. and American Medical Response, Inc., Defendants.**

**No. 1:97CV226BrR.**

United States District Court, S.D. Mississippi, Southern Division.

Jan. 14, 1998.

Jefferson B. Stewart, Hattiesburg, MS, for Plaintiffs.

John G. Corlew, Christopher B. Bradford, Watkins & Eager, Jackson, MS, for Defendants.

John G. Corlew, Christopher B. Bradford, Watkins & Eager, Jackson, MS, for American Medical Response, Inc., defendant.

## MEMORANDUM OPINION

BRAMLETTE, District Judge.

This matter is before the Court on motion of the defendant, Laidlaw, Inc. ("Laidlaw"), to dismiss for lack of personal jurisdiction (docket entry # 3), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. After reviewing the pleadings, motions, briefs, applicable case law, and being otherwise fully advised in the premises, the Court finds as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

In the present case, the plaintiff, Lifeline Ambulance Services, Inc. ("Lifeline"), is a Georgia corporation with its principal place of business in Georgia. Greg Birge, also a plaintiff and a Georgia resident, owns all of the issued and outstanding stock of Lifeline. The plaintiffs contend that in June of 1996, the defendant, Laidlaw, a Canadian corporation with its principal place of business in Toronto, Canada, acting through its subsidiary American Medical Response, Inc. ("AMR"), a Colorado corporation with its principal place of business in Gulfport, Mississippi, began what appeared to be a good faith attempt to purchase Lifeline. However, according to the plaintiffs, these attempts were actually part of an elaborate scheme to gain access to Lifeline's confidential business records. Once this knowledge was acquired, according to the plaintiffs, AMR would give this information to Lifeline's competitors, causing substantial damage to Lifeline. Lifeline alleges that the intent behind this scheme was to harm Lifeline's business, allowing AMR to purchase Lifeline at a significantly reduced rate.

The plaintiffs filed the present complaint, alleging tortious interference with contract, interference with prospective business advantages, breach of fiduciary duty, conspiracy to monopolize the ambulance service market in Atlanta and other areas of the country, unfair dealing, and intentional infliction of emotional distress. Laidlaw filed the present motion, asking the Court to dismiss the allegations against it based on a lack of personal jurisdiction.

### II. DISCUSSION

#### A. PERSONAL JURISDICTION

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994). In a federal diversity suit, the reach of federal jurisdiction over nonresident defendants is measured by a two-step inquiry. *Smith v. DeWalt Products Corp.*, 743 F.2d 277, 278 (5th Cir.1984). First, the law of the forum state must provide for the assertion of such jurisdiction. Second, the exercise of jurisdiction under the state law must comport with the dictates of the Fourteenth Amendment Due Process Clause. *Smith*, 743 F.2d at 278.

In construing the law of the forum state, the Court looks first to Mississippi's long arm statute which provides in pertinent part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss.Code Ann. § 13–3–57 (Supp.1996). Therefore, to establish personal jurisdiction over the defendant, the plaintiffs must establish jurisdiction under either the "contract," "tort," or the "doing business" prong of the long arm statute. *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 617 (5th Cir.1989). In the present case, the plaintiffs contend that the Court has personal jurisdiction over Laidlaw pursuant to the contract, tort, and the doing business prongs of section 13–3–57. The Court will address the contract and doing business prongs first.

### 1. CONTRACT/DOING BUSINESS PRONGS

■ Laidlaw is not a resident of Mississippi, and nonresidents are unable to utilize either the contract or the doing business prong. *See, e.g., Moore Video Distributors v. Quest Entertainment*, 823 F.Supp. 1332, 1337 (S.D.Miss.1993). The plaintiffs argue that these prongs may be utilized in the present case, because Laidlaw contracted and did business in Mississippi through its resident subsidiary, AMR. In other words, the plaintiffs are asking the Court to pierce the corporate veil to acquire personal jurisdiction over the parent corporation. However, piercing the corporate veil is something a Court should do only under extraordinary circumstances, and Mississippi case law reflects a strong commitment to the legal integrity of the corporate entity. *See, e.g., T.C.L., Inc. v. Lacoste*, 431 So.2d 918, 922 (Miss.1983); *Gardner v. Jones*, 464 So.2d 1144, 1151 (Miss. 1985); *Rauch Industries, Inc. v. Poloron Products of Mississippi, Inc.*, 362 So.2d 605, 607 (Miss.1978).

Under recognized principles of corporate law, a corporation possesses a separate identity from its shareholders, whether such shareholders are individuals or corporations. *FMC Finance Corp. v. Murphree*, 632 F.2d 413, 421 (5th Cir.1980). "The corporate veil should not be 'pierced' unless the corporation exists to perpetrate a fraud or is a mere instrumentality, agent, adjunct, or sham designed to subvert the ends of justice." *Inland Shoe*, 592 F.Supp. at 877–78 (citing *Johnson & Higgins of Mississippi, Inc. v. Commissioner of Insurance of Mississippi*, 321 So.2d 281, 285 (Miss.1975)). Moreover,

the Mississippi Supreme Court "has reserved piercing the corporate veil for factual circumstances which are clearly extraordinary— where to do otherwise would 'subvert the ends of justice.'" *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1046 (Miss.1989).

United States District Judge Neal Biggers discussed the issue of piercing the corporate veil to establish personal jurisdiction in *North American Plastics v. Inland Shoe Mfg. Co.*, 592 F.Supp. 875 (N.D.Miss.1984). In *North American Plastics*, the defendant, Inland Shoe, owed the plaintiff, North American, approximately $170,000. *North American Plastics*, 592 F.Supp. at 876. North American sought to recover this amount from both Inland Shoe and Lehigh Valley Industries, Inc., the alleged alter ego of Inland Shoe. *Id.* Lehigh moved for dismissal, arguing that the Court lacked personal jurisdiction. *Id.*

The Court first noted the inherent tension between liberally construing the plaintiffs complaint on a motion to dismiss and the danger of lightly piercing the corporate veil to acquire personal jurisdiction. *Id.* at 879. The Court explained that if it were to pierce the corporate veil to acquire personal jurisdiction, "a prolonged factual inquiry may merely resolve that jurisdiction is improper, thus necessitating another factual inquiry as to the merits in [a proper jurisdiction]." *Id.* The Court then stated:

> Thus, this court holds that, absent a sufficient allegation of particularized facts, judicial economy requires that the corporate veil should not be preliminarily pierced for long-arm jurisdiction on the mere unsubstantiated allegations in the pleadings.

*Id.* at 879.

The Court went on to set forth the following factors to consider when determining whether a plaintiff has made sufficiently particularized allegations to pierce the corporate veil:

> (1) The parent corporation owns all or a majority of the capital stock of the subsidiary. (2) The parent and subsidiary corporations have common directors or officers. (3) The parent corporation finances the subsidiary. (4) The parent corporation

subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation. (5) The subsidiary has grossly inadequate capital. (6) The parent corporation pays the salaries or expenses or losses of the subsidiary. (7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. (8) In the papers of the parent corporation and in the statements of its officers, "the subsidiary" is referred to as such or as a department or division. (9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation. (10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Id.*

■ While the plaintiffs in the present case have sued the parent corporation, they have provided virtually no evidence to support piercing the corporate veil. Although the first factor exists in this case, a single factor alone is clearly not sufficient to apply the piercing doctrine. *See United States v. State Tax Comm'n of Mississippi*, 505 F.2d 633, 637 (5th Cir.1974). The plaintiffs have merely stated that Laidlaw contracted with a resident of Mississippi and did business in Mississippi. This is clearly not sufficient to show that AMR was acting as the alter ego of Laidlaw. In *McCardle v. Arkansas Log Homes, Inc.*, 633 F.Supp. 897 (S.D.Miss. 1986), the Court granted a motion to dismiss on facts very similar to the present case when "[n]o attempt was made in the … complaint to satisfy the requirement of particularized factual allegations tending to show the applicability of the piercing doctrine." *McCardle*, 633 F.Supp. at 899.

Accordingly, this Court is of the opinion that the plaintiffs have failed to establish a prima facie showing that the corporate veil of AMR should be preliminarily pierced for purposes of attaining personal jurisdiction over Laidlaw. Thus, the plaintiff has failed to satisfy either the contract or the doing business prong of Mississippi's long arm statute.

### 2. TORT PRONG

Although a nonresident may not utilize the contract or doing business prongs of Mississippi's long arm statute, such a defendant may utilize the tort prong. *Thompson v. F.W. Woolworth Co.*, 508 F.Supp. 522, 523 (N.D.Miss.1981). Therefore, the Court must examine the plaintiffs' tort allegations. In their complaint, the plaintiffs have alleged tortious interference with contract, interference with prospective business advantages, conspiracy, and intentional infliction of emotional distress. The torts of intentional interference with contract, interference with prospective business advantage, and intentional infliction of emotional distress were all alleged to have been committed by Laidlaw acting *through its subsidiary*. As discussed *supra*, there is no evidence in the present case to support piercing the corporate veil, so the Court may not exercise personal jurisdiction over Laidlaw with regard to these allegations.

■ However, the conspiracy count is alleged to have been committed by Laidlaw itself. The complaint provides that "Laidlaw … conspired with AMR to commit a tort within the State of Mississippi." Further in the complaint, the plaintiffs state that "Laidlaw, Inc., and AMR have conspired to monopolize the ambulance service market in Atlanta as well as other geographical areas of the country and to exclude competition unfairly in violation of state and federal antitrust law."

With regard to the conspiracy allegations, these bald statements are all that have been submitted in an effort to prove that this Court may exercise personal jurisdiction over Laidlaw. In *Paternostro v. Dow Furnace Co.*, 848 F.Supp. 706 (S.D.Miss.1994), the complaint provided that "Dow committed torts in whole or in part within Mississippi." The *Dow* Court held:

These bald allegations without more are insufficient to overcome a Rule 12(b)(2) motion. When personal jurisdiction is challenged, plaintiffs must carry their burden of proof on the issue of personal jurisdiction by making a prima facie case. *Ham v. La Cienega Music Co.*, 4 F.3d 413,

415 (5th Cir.1993); *Zakaria v. Safani,* 741 F.Supp. 1263, 1267 (S.D.Miss.1990). If plaintiffs do not shoulder their burden of proof on this most perfunctory matter, the court is without jurisdiction to adjudicate the case.

*Paternostro,* 848 F.Supp. at 709.

In the present case, the plaintiffs have failed to make a prima facie case regarding conspiracy. There has been absolutely no evidence submitted that Laidlaw committed any actions within the forum in connection with an alleged conspiracy.[1] Therefore, the plaintiff has failed to satisfy the tort prong of Mississippi's long arm statute, and thus, the Court is unable to exercise personal jurisdiction over Laidlaw.[2]

Finally, it is noted that the plaintiffs asked in the alternative that they be allowed to engage in further discovery "in order to determine the relationship between the two Defendants and what contacts in addition to those mentioned above Laidlaw, Inc., has with the State of Mississippi." However, the case management conference was held on August 18, 1997, over four months ago. Discovery was not stayed. Nevertheless, the plaintiffs have submitted no additional evidence within that time to support their allegations.

### III. CONCLUSION

For the reasons set forth above, this Court finds that the defendant Laidlaw's motion to dismiss for lack of personal jurisdiction (entry # 3) should be granted. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. Each party shall bear their respective costs.

---

1. For instance, the plaintiffs have submitted no evidence suggesting that Laidlaw ever sent a representative to Mississippi to conspire with its subsidiary. There has been no evidence that Laidlaw even conducted phone conversations with AMR's Mississippi office in furtherance of the alleged conspiracy.

2. Given that the prerequisite of personal jurisdiction is absent, the Court will not reach the second prerequisite. That is, whether asserting jurisdiction over Laidlaw would comport with the Due Process Clause of the Fourteenth Amendment is a moot point.