**Debbie Ann COWART, as Administratrix of the Estate of Joseph Merrill Mason, Plaintiff,**

v.

**SHELBY COUNTY HEALTH CARE CORPORATION d/b/a The Regional Medical Center at Memphis and Elvis Presley Memorial Trauma Center, Air Ambulance Service, Inc., Memphis Air Ambulance, Hospital Wing, Dr. Gavin, M.D., Kathy Storey, R.N., Charlotte Heidi, R.N., and John Does 1–10, Defendants.**

Civ.A. No. 3:95CV717LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 2, 1996.

D. Elizabeth Featherston, Jackson, MS, for Plaintiff.

Stephen P. Kruger, Stuart B. Harmon, Upshaw, Williams, Biggers, Page & Kruger, Jackson, MS; Heber S. Simmons, III, Armstrong, Allen, Prewitt, Gentry, Johnson & Holmes, Jackson, MS; George Q. Evans, Wise, Carter, Child & Carraway, Jackson, MS, for defendants.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Shelby County Health Care Corporation d/b/a The Regional Medical Center at Memphis and Elvis Presley Memorial Trauma Center (the Hospital) to dismiss for

lack of personal jurisdiction and insufficiency of service of process. Plaintiff Debbie Ann Cowart Mason, Administrator of the Estate of Joseph Merrill Mason, has responded in opposition to the motion and the court, having considered the parties' memoranda of authorities, together with attachments, concludes that the Hospital's motion should be denied.

Those facts underlying the present lawsuit which are germane to the present motion are not disputed. On September 28, 1994, plaintiff's decedent, Joseph Merrill Mason, was injured in a train/truck collision in Holmes County, Mississippi. While he was taken initially to the emergency room of the Methodist Hospital in Lexington, Mississippi for treatment, the treating physician at Methodist Hospital undertook to transfer him to the Elvis Presley Memorial Trauma Center (Trauma Center), a part of the defendant Hospital. In connection with the effort to transfer plaintiff's decedent, the treating physician at Methodist Hospital spoke with defendant Dr. Gavin, a resident physician with the University of Tennessee Medical School working in the emergency room of the Trauma Center, who agreed to accept the transfer. Arrangements were made to have Mr. Mason transported to the Trauma Center by defendant Air Ambulance Service, accompanied by two registered nurses, Charlotte Heidi and Kathleen Storey. According to plaintiff's allegations, the two nurses, after consulting with Dr. Gavin by phone from Lexington, administered to Mr. Mason an inappropriate drug, Tracrium, which caused him to become hypotensive and bradycardic. They then extubated him but failed to reintubate him, as a result of all of which, plaintiff alleges, he died.

"[T]he reach of federal jurisdiction over nonresident defendants (in a diversity action) is measured by a two-step inquiry. First, the law of the forum state must provide for the assertion of such jurisdiction, and second, the exercise of jurisdiction under state law must comport with the dictates of the fourteenth amendment due process clause."

*Smith v. DeWalt Products Corp.,* 743 F.2d 277, 278 (5th Cir.1984). Here, however, the court's inquiry is limited to whether state law, i.e., Mississippi's long-arm statute, provides for the exercise of jurisdiction, for the Hospital has so limited its motion. That is, the Hospital does not contend that it lacks sufficient contacts with this state to warrant an assertion of jurisdiction by the courts of this state consistent with due process *if* there is a basis under state law for the exercise of jurisdiction; rather, its sole argument is that it is not amenable to jurisdiction in this state since Mississippi law furnishes no basis for the assertion of jurisdiction over it.[1]

Mississippi's long-arm statute, which provides the sole potential basis under state law for the assertion of personal jurisdiction over the Hospital, permits the courts of this state to exert jurisdiction over any nonresident defendant "who shall make a contract with a resident of this state to be performed in whole or in part ... in this state, who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state." Miss.Code Ann. § 13–3–57.

■ Plaintiff submits in the case at bar that the Hospital is potentially subject to jurisdiction in this court under any or all three provisions of the long-arm statute—the tort, contract and doing business prongs— since the facts may ultimately prove that the Hospital, in addition to having committed a tort in this state, has solicited and done business in Mississippi and/or that it has contracted with Mississippi hospitals as a means of securing patient transfers. But even assuming that plaintiff could possibly discover facts to support such speculation and further assuming that such facts would satisfy the requirements of the contract and doing business portions of the long-arm statute, that would avail plaintiff nothing for the law is perfectly clear that only the tort portion of the long-arm statute is available to non-residents such as plaintiff. *See Herrley v. Volkswagen of America, Inc.,* 957 F.2d 216

---

**1.** Given the Hospital's position, plaintiff's arguments relating to due process are misplaced and will not be considered.

(5th Cir.1992) (doing business provision of long-arm statute not available to non-resident plaintiffs); *Smith v. DeWalt Products Corp.*, 743 F.2d 277 (5th Cir.1984) (same); *Moore Video Distributors, Inc. v. Quest Entertainment, Inc.*, 823 F.Supp. 1332, 1337 (S.D.Miss.1993) (language of long-arm statute, extending jurisdiction over nonresident which makes a contract with "a resident of Mississippi," precludes assertion of jurisdiction by non-Mississippi plaintiffs). Since plaintiff is a nonresident of Mississippi, it follows that neither the contract nor doing business prong of the long-arm statute is available to her as a means of acquiring jurisdiction over the Hospital, plaintiff's arguments to the contrary notwithstanding. Accordingly, the only issue before the court is whether the Hospital is subject to jurisdiction under the tort portion of the long-arm statute.

■ The Hospital points out in its motion that the only specific tortious acts or omissions which are alleged to have been committed in Mississippi are attributable not to the Hospital, but to separate defendants, and in particular, Gavin, Storey and Heidi. It claims that consequently, this court must dismiss it for lack of jurisdiction. Indeed, plaintiff has not alleged or presented any evidence that the Hospital itself committed any act, tortious or otherwise, in this state. She nevertheless submits that this court may properly exercise jurisdiction over the Hospital on the basis that it is vicariously liable for various acts of negligence committed by these other individuals—Gavin, and nurses Heidi and Storey—all of whom she contends were acting as the Hospital's agents. Anticipating plaintiff's argument on this point, the Hospital in its motion denied that Gavin, Heidi or Storey was its agent and to substantiate its position, submitted an affidavit of H. Waid Ray, a "legal officer" employed by the Hospital, who asserts that, "as a matter of fact, said individuals (Gavin, Heidi, Storey) are not agents, servants or employees of [the Hospital]," since "[n]one of said individuals are on the payroll of [the Hospital]; nor does [the Hospital] have control over these individuals." In response to this aspect of the Hospital's motion, plaintiff insists that because she may well discover proof that Heidi and Sto-

rey were the Hospital's agents, the court should withhold any definitive ruling on the jurisdictional issue at this stage of the case. She further argues that in any event, Gavin was the Hospital's "apparent agent" in accordance with the Mississippi Supreme Court's decision in *Hardy v. Brantley*, 471 So.2d 358 (Miss.1985), such that his tortious actions committed in Mississippi furnish a basis for the court's assertion of jurisdiction over the Hospital. The court need not consider whether plaintiff has or might potentially uncover evidence of an agency relationship between the Hospital and nurses Heidi and Storey for the court concludes that plaintiff has made a prima facie showing that jurisdiction may be exerted over the Hospital for the alleged actions of Dr. Gavin.

In *Hardy*, the Mississippi Supreme Court adopted the following rule:

> Where a hospital holds itself out to the public as providing a given service, in this instance, emergency services, and where the hospital enters into a contractual arrangement with one or more physicians to direct and provide the service, and where the patient engages the services of the hospital without regard to the identity of the particular physician and where as a matter of fact the patient is relying upon the hospital to deliver the desired health care and treatment, the doctrine of respondeat superior applies and the hospital is vicariously liable for damages proximately resulting from the neglect, if any, of such physicians.

*Id.* at 371. The court found persuasive the reasoning of courts holding that

> [a] hospital must be held accountable for the negligence, if any, of its authorized emergency room physician regardless of whether or not he is an independent contractor by secret limitations contained in private contract between the hospital and doctor or by virtue of some other business relationship unknown to the patient and contrary to the hospital's conduct and representations.

*Id.* at 370 (quoting *Smith v. St. Francis Hospital, Inc.*, 676 P.2d 279, 283 (Okl.Ct.App. 1983)). In the *Hardy* court's view, such an

approach is "consistent with the agency principle of apparent authority long-recognized in this state." *Id.*

In its rebuttal memorandum, the Hospital appears to concede that plaintiff's agency argument with respect to Dr. Gavin is supported by legal authority, and specifically by *Hardy*, (and thus is at least potentially meritorious). Still, it argues that because the agency principle recognized and adopted in *Hardy* was not specifically applied in the context of personal jurisdiction and the long-arm statute, then *Hardy* is essentially irrelevant to the court's jurisdictional inquiry.[2] The court cannot agree. It is true, as defendant notes, that plaintiff has cited no authority for the extension of *Hardy*'s agency rule into the arena of personal jurisdiction. But neither has this defendant cited any authority, nor provided any rationale for its suggestion that it would not apply in this context. And this court's research has disclosed that agency principles, including principles of apparent agency such as that considered in *Hardy*, are no less applicable even where the issue is personal jurisdiction rather than vicarious liability per se. That is, a number of courts have employed the concept of actual or apparent authority to exercise jurisdiction over a principal, or alternatively, have declined to exercise jurisdiction where a claimed agency relationship is not proven. *See, e.g., Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 493 (5th Cir.1974) (to sustain burden of establishing personal jurisdiction on agency theory, plaintiff must present prima facie evidence of existence of agency relationship by proof that agent acted with "either actual or apparent authority"); *see also Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir.1990) (acts of agent attributable to principal for personal jurisdiction purposes); *Dotzler v. Perot*, 899 F.Supp. 416 (E.D.Mo. 1995) (analyzing personal jurisdiction under agency theory); *Damian Services Corp. v. PLC Services, Inc.*, 763 F.Supp. 369 (N.D.Ill.

1991) (establishing personal jurisdiction over defendant by means of acts of agents in forum held consistent with due process). Accordingly, the court concludes that *Hardy* is fully applicable to the jurisdictional question with which the court is presented. And, since the Hospital agrees that *Hardy* provides "legal support" for plaintiff's contention that Dr. Gavin committed tortious acts in Mississippi as the Hospital's agent, the court concludes that the Hospital's motion to dismiss for lack of personal jurisdiction and for insufficiency of service of process must be denied.

Based on the foregoing, it is ordered that the Hospital's motion to dismiss for lack of personal jurisdiction and for insufficiency of service of process is denied.

---

**2.** Specifically, defendant states as follows:
While plaintiff makes various assertions that this Defendant is liable under a theory of respondeat superior for the acts of all of the other separate Defendants, the only such allegation that is supported by any legal authority is the allegation concerning Dr. Gavin. The

Plaintiff argues that via *Hardy v. Brantley*, 471 So.2d 358 (Miss.1985), this Defendant could be held liable under the doctrine of *respondeat superior* for the acts of Dr. Gavin. Yet there is absolutely nothing in the court's ruling in *Hardy* which would extend it to the arena of personal jurisdiction and the long arm statute.