Dave and Virginia GAMMILL and Robert Patrick, For Themselves and Others Similarly Situated Plaintiffs

v.

LINCOLN LIFE AND ANNUITY DISTRIBUTORS, INC., Lincoln National Life Insurance Company, and Lincoln National Corporation Defendants

No. CIV.A. 399CV912WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 28, 2001.

Joe Clay Hamilton, Hamilton & Linder, Meridian, MS, Ingrid Blackwelder Erwin, Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, SC, G. Richard Baker, Thomas F. Campbell, Campbell & Baker, LLP, K. Stephen Jackson, Jeff S. Daniel, Jackson, Fraley & Shuttlesworth, P.C., Birmingham, AL, for Plaintiffs.

Phillip B. Abernethy, Robert M. Frey, Emerson Barney Robinson, III, P. Ryan Beckett, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of Lincoln National Corporation (hereinafter "LNC"), the parent company of Lincoln National Life Insurance Company, to dismiss the plaintiffs' complaint against it for lack of *in personam* jurisdiction. This case involves a complaint asserting that the insurer, Lincoln National Life Insurance Company, and a marketing firm called Lincoln Life & Annuity Distributors, Inc., are responsible for selling the plaintiffs an insurance policy to be funded by the cash value of a previously existing policy and interest and/or dividend contributions, a policy also known as a "vanishing premiums" policy.

The plaintiffs contend that this court's personal jurisdiction over LNC may be predicated on three documents showing that LNC is the parent company of the insurer, Lincoln National Life Insurance Company, and upon the contention that the insurer, Lincoln National Life Insurance Company, is merely the *alter ego* of LNC. The three documents are letterheads and forms generated by the insurer, Lincoln National Life Insurance Company, stating that the insurer is a part of LNC. LNC raises no dispute with these documents and readily admits that it is the parent company of Lincoln National Life Insurance Company.

The subject matter jurisdiction of this court over this matter is predicated on diversity of citizenship and an amount in controversy in excess of $75,000.00 in accordance with Title 28 U.S.C. § 1332.[1] Pursuant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the applicable substantive law for this dispute is taken from the forum in which the federal court sits, the law of the State of Mississippi. *Rittenhouse v. Mabry*, 832 F.2d 1380, 1382 (5th Cir.1987); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir.1983) (in a federal diversity case, the federal court must apply the substantive law of the state in which it sits).

The plaintiffs reach out for LNC pursuant to Mississippi's long-arm statute which provides in relevant part that "[a]ny nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state,

---

1. Title 28 U.S.C. § 1332(a) provides in pertinent part:

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

    (1) citizens of different States; ...

or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state." *See* Mississippi Code Annotated § 13–3–57. LNC contends that it has no contacts with Mississippi, has made no contracts in Mississippi, has committed no torts in Mississippi, and has always observed proper corporate formality regarding its subsidiaries. For the reasons which follow, this court, over plaintiffs' objection, is persuaded to grant LNC's motion to dismiss it from this lawsuit for lack of *in personam* jurisdiction.

### THE ALTER EGO STANDARD

When a nonresident defendant as LNC moves to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the burden of demonstrating the district court's jurisdiction over the defendant seeking dismissal. *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir.1999), citing *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir.1994). A plaintiff satisfies this burden by presenting a prima facie case for jurisdiction. *Id.*, citing *Felch v. Transportes Lar–Mex SA De CV.*, 92 F.3d 320, 326 (5th Cir.1996). In deciding whether a prima facie case has been made, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Id.*, citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir.1990).

The rationale behind the "alter ego" theory is that if the shareholders themselves, or the corporations themselves, disregard the legal separation, distinct properties, or proper formalities of the different corporate enterprises, then the law likewise will disregard them. *See*

*Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 209 (5th Cir.1996). In *North American Plastics v. Inland Shoe Manufacturing Company*, 592 F.Supp. 875, 877 (N.D.Miss.1984) (applying Mississippi law), the Honorable Judge Neil Biggers stated that "[t]he corporate veil should not be 'pierced' unless the corporation exists to perpetrate a fraud or is a mere instrumentality, agent, adjunct, or sham designed to subvert the ends of justice." *Id.* at 877–78, citing *Johnson & Higgins of Mississippi, Inc. v. Commissioner of Insurance of Mississippi*, 321 So.2d 281, 285 (Miss.1975). Judge Biggers noted that the piercing doctrine is to be applied "with great caution and not precipitately, and will not be applied where those in control have deliberately adopted the corporate form in order to secure its advantages in the absence of any violence to the legislative purpose by treating the corporate entity as a separate legal entity," *id.*, citing *T.C.L., Inc. v. Lacoste*, 431 So.2d 918, 922 (Miss.1983). Judge Biggers concluded that, "absent a sufficient allegation of particularized facts, judicial economy requires that the corporate veil should not be preliminarily pierced for long-arm jurisdiction on the mere unsubstantiated allegations in the pleadings." *Id.* at 879, quoting from *Fish v. East*, 114 F.2d 177, 191 (10th Cir.1940), and *Johnson v. Warnaco, Inc.*, 426 F.Supp. 44, 49 (S.D.Miss. 1976).

Then, Judge Biggers set forth the factors relevant to the determination of whether plaintiff has made sufficiently particularized allegations demonstrating the applicability of the piercing doctrine to the facts of the case: (1), the parent corporation owns all or a majority of the capital stock of the subsidiary; (2), the parent and subsidiary corporations have common directors or officers; (3), the parent corporation finances the subsidiary; (4), the par-

ent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation; (5), the subsidiary has grossly inadequate capital; (6), the parent corporation pays the salaries or expenses or losses of the subsidiary; (7), the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation; (8), in the papers of the parent corporation and in the statements of its officers, "the subsidiary" is referred to as such or as a department or division; (9), the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; and (10), the formal legal requirements of the subsidiary as a separate and independent corporation are not observed. *Id;* and *see Century Hotels v. United States,* 952 F.2d 107, 110 (5th Cir.1992); and *United States v. Jon–T Chemicals, Inc.,* 768 F.2d 686, 691–92 (5th Cir.1985), *cert. denied,* 475 U.S. 1014, 106 S.Ct. 1194, 89 L.Ed.2d 309 (1986).

### *ANALYSIS*

◼ This court has reviewed the facts as alleged by the parties to determine whether the plaintiffs have stated adequately a basis for applying the *alter ego* doctrine in the instant case so as to justify hailing the defendant LNC into a Mississippi court. First, this court finds that in response to defendant's motion, the plaintiffs rely on nothing more than documents of the insurer, Lincoln National Life Insurance Company, which identify the insurer as being a part of LNC. Secondly, the plaintiffs have made none of the particularized allegations set forth by Judge Biggers in *North American Plastics v. Inland Shoe Manufacturing Company,* also called the *"Jon–T"* factors, to establish a basis for piercing the corporate veil in this case. Thirdly, the plaintiffs make no other showing with regard to the fail-

ure, if any, of LNC and/or any of its shareholders to observe proper corporate formalities.

Furthermore, Mississippi's long-arm statute is not coextensive with federal due process and has a relatively restrictive scope. *Allred v. Moore & Peterson,* 117 F.3d 278, 282 (5th Cir.1997). A Mississippi court may exercise personal jurisdiction over a nonresident only if that exercise of jurisdiction comports with due process. Jurisdiction may be asserted only in situations in which the nonresident has such minimum contacts with the forum state that its being required to defend a suit in the forum state would not offend traditional notions of fair play and substantial justice. *See Stripling v. Jordan Production Company, LLC,* 234 F.3d 863, 871–72 (5th Cir.2000); and *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The court must focus on whether the nonresident "purposefully availed" itself of the benefits of the forum state, *see Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), or when the lawsuit arises from or relates to the defendant's contact with the forum state. *Ruston Gas Turbines, Inc. v. Donaldson Company,* 9 F.3d 415, 416 (5th Cir.1993).

In the instant case, the plaintiffs have made no showing of contacts by LNC with Mississippi other than their inference that contacts must have taken place if LNC is the parent company of Lincoln National Life Insurance Company. The assertion that LNC is a parent company of another defendant properly before this court is not a sufficient reason standing alone for asserting *in personam* jurisdiction over a non-resident parent corporation. *North American Plastics v. Inland Shoe Manufacturing Company,* 592 F.Supp. at 877.

Therefore, based on the foregoing authorities, and the failure of the plaintiffs to

make sufficient showing on the above recited factors required to substantiate their claim that they can pierce the corporate veil, this court finds the motion of the defendant, Lincoln National Corporation, well taken and the same is hereby granted.