858 So.2d 913 (2003)
Heather Patrice HOGROBROOKS, Appellant,
v.
PROGRESSIVE DIRECT, Appellee.
No. 2002-CP-00663-COA.
Court of Appeals of Mississippi.
November 4, 2003.
*915 Heather P. Hogrobrooks appellant, pro se.
Nicholas E. Bragorgos, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Heather Hogrobrooks' suit against the insurer of her automobile was dismissed by the Circuit Court of Tunica County. We agree with the trial court that there was no personal jurisdiction over the insurance company. Therefore, we affirm.

STATEMENT OF FACTS
¶ 2. Heather Hogrobrooks, a Tennessee resident, brought suit in Tunica County, Mississippi, again Leroy Odom, Jr. He was the driver of an automobile which allegedly collided with her vehicle in the parking lot of a Tunica County casino. She named Progressive Direct as an additional defendant, claiming that this insurance company had in bad faith refused to pay for repairs to her vehicle. Service of process was obtained on both.
¶ 3. Progressive Direct was Hogrobrooks' automobile insurance company. She had purchased the policy via the Internet. Progressive Direct gave Hogrobrooks a list of repair shops in the Memphis area and a draft covering the estimated repair costs. She returned the draft and said that she wanted to have her Saab automobile repaired in Texas by a dealer in such vehicles. She claimed that it was unreasonable for Progressive Direct to refuse to pay for the cost of towing the vehicle to Texas. The insurance company would only pay for the costs to have the vehicle repaired locally in Memphis. Progressive Direct did not offer further benefits even after a written demand.
¶ 4. In her complaint, Hogrobrooks claimed that Progressive Direct had refused several demands "to return her vehicle to its pre-loss condition and to mitigate other losses to the plaintiff." More specifically, the claim was that the company had not properly investigated the cost of repairs to the vehicle, and had refused to be responsible for assuring that the repairs were performed "by certified repair specialist" who had experience with Saab automobiles. She also sought payment for a rental car. All the claims dealt with issues of the repair of the plaintiff's vehicle.
¶ 5. Hogrobrooks alleged that Progressive Direct had no listed agent for service *916 of process in Mississippi. She asserted that Progressive Direct writes policies of automobile insurance for Mississippi residents but made no similar assertion about Mountain Laurel. The relationship between the two companies is not explained in the record. The complaint makes no assertion of a connection, but service was requested both on Progressive Direct and on Mountain Laurel, both at post office boxes in Cleveland, Ohio. At the hearing on the insurance company's motion to dismiss, defense counsel stated that though Progressive Direct was the named defendant, "our correct corporate identity" is Mountain Laurel Assurance Company. The motion to dismiss is not in the record, and perhaps a more detailed assertion appeared in it.
¶ 6. Hogrobrooks in her response to the motion to dismiss and in a statement of "Uncontroverted Material Facts," alleged that Progressive Direct is a subsidiary of The Progressive Corporation, an Ohio corporation. She alleged that this latter corporation did business in Mississippi as Progressive Adjusting Company, Inc., and had a local agent for service of process. Progressive Corporation and Progressive Adjusting were said to have the same Ohio address, but their relationship to each other and to Progressive Direct was not otherwise shown.
¶ 7. Progressive Direct filed a limited appearance to contest jurisdiction. After a hearing on the motion to dismiss, the court concluded that Hogrobrooks was a resident of Tennessee. The court implicitly accepted that Mountain Laurel Assurance Company was the proper defendant, and that it was an Ohio corporation doing business in Tennessee. The court also found that the insurance policy was negotiated and issued in Tennessee; the place of the performance of the contract was Tennessee; and Mountain Laurel Assurance Company did not make a contract, commit a tort, conduct business or perform work or service in Mississippi. The court also concluded that Tennessee law would apply to this dispute between these parties.
¶ 8. The court held that it had no subject matter jurisdiction over the dispute between these two parties since they were not Mississippi residents, none of the actions creating this dispute occurred in Mississippi, and Mississippi law would not govern the litigation. It also found that it had no personal jurisdiction over Mountain Laurel Assurance Company since it did not have sufficient contacts with Mississippi to permit use of Mississippi's "long-arm statute." It further found that even if personal and subject matter jurisdiction were present, the case would still be dismissed because of a violation of an applicable Tennessee statute requiring a demand to be made prior to suit. The court never made any explicit findings as to Progressive Direct, having determined that Mountain Laurel was the company for which findings were needed. Hogrobrooks appeals.

DISCUSSION
¶ 9. Jurisdiction is a question of law which an appellate court is to examine de novo. McDaniel v. Ritter, 556 So.2d 303, 308 (Miss.1989). The trial judge found no subject matter jurisdiction and no personal jurisdiction. If the circuit judge was correct as to either determination, then dismissal was appropriate. Because of our resolution, we do not discuss a possible violation of a Tennessee statute that the court found to be a third basis on which to dismiss.
1. Subject Matter Jurisdiction
¶ 10. Subject matter jurisdiction is a question of the court's authority "to entertain and proceed with a case." Bullock *917 v. Roadway Express, Inc., 548 So.2d 1306, 1308 (Miss.1989). Circuit courts have the "original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court ...." Miss. Const. art. 6, § 156 (1890). The principal statute on which circuit court jurisdiction is based states that the court "shall have original jurisdiction in all actions when the principal of the amount in controversy exceeds two hundred dollars, and of all other actions and causes, matters and things arising under the constitution and laws of this state which are not exclusively cognizable in some other court...." Miss.Code Ann. § 9-7-81 (Rev. 2002).
¶ 11. The statute refers to matters arising under this state's law. We find no limitation in such words that the action must be founded on rights created by a Mississippi source. Enforcement of the rights of all citizens, no matter where the rights were created, are the obligation of each state's courts.
[L]awful rights of the citizen, whether arising from a legitimate exercise of state or national power, unless excepted by express constitutional limitation or by valid legislation to that effect, are concurrently subject to be enforced in the courts of the state or nation when such rights come within in the general scope of the jurisdiction conferred upon such courts by the authority, state or nation, creating them. This principle was made the basis of the first Federal judiciary act, and has prevailed in theory and practice ever since as to rights of every character, whether derived from constitutional grant or legislative enactment, state or national. In fact, this theory and practice is but an expression of the principles underlying the Constitution, and which cause the governments and courts of both the nation and the several states not to be strange or foreign to each other in the broad sense of that word, but to be all courts of a common country, all within the orbit of their lawful authority being charged with the duty to safeguard and enforce the right of every citizen without reference to the particular exercise of governmental power from which the right may have arisen, if only the authority to enforce such right comes generally within the scope of the jurisdiction conferred by the government creating them.
Minneapolis & St. Louis R.R. Co. v. Bombolis, 241 U.S. 211, 221-22, 36 S.Ct. 595, 60 L.Ed. 961 (1916), cited in Penrod Drilling Co. v. Bounds, 433 So.2d 916, 930 n. 13 (Miss.1983) (Robertson, J., concurring).
¶ 12. In a broad sense, then, since Mississippi law must recognize the laws of other states, the enforcement of contracts and torts connected primarily with another state are "actions and causes, matters and things arising under the constitution and laws of this state ...." See Penrod, 433 So.2d at 930 n. 13. Were section 9-7-81 to be read only to permit actions founded on Mississippi statutes and common law, that would run afoul of a fundamental understanding of the relationships among the states. "The power of a State to determine the limits of the jurisdiction of its courts and the character of the controversies which shall be heard in them is, of course, subject to the restrictions imposed by the Federal Constitution. The privileges and immunities clause requires a state to accord to citizens of other states substantially the same right of access to its courts as it accords to its own citizens." Howlett v. Rose, 496 U.S. 356, 382 n. 26, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), quoting McKnett v. St. Louis & S.F. Ry. Co., 292 U.S. 230, 233, 54 S.Ct. 690, 78 L.Ed. 1227 (1934) (Brandeis, J., concurring). There is authority that the full faith *918 and credit clause of the constitution requires that a state make its courts available for resolving foreign tort and contract disputes. Hughes v. Fetter, 341 U.S. 609, 611, 71 S.Ct. 980, 95 L.Ed. 1212 (1951) (a state "cannot escape this constitutional obligation to enforce the rights and duties validly created under the laws of other states by the simple device of removing jurisdiction from courts otherwise competent," citing U.S. CONST. art. IV, § 1).
¶ 13. Based on these considerations, we reject that either the constitution or the jurisdictional statute limit circuit court subject matter authority to cases having some nexus to Mississippi. However, even if subject matter jurisdiction is then joined by personal jurisdiction over what appears to be a totally foreign concern, a state court might still dismiss the suit on the basis that a much more convenient and appropriate forum exists in some other state. Mo. Pac. R.R. Co. v. Tircuit, 554 So.2d 878, 881-83 (Miss.1989). A Mississippi court should not "exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff." Metro. Life Ins. Co. v. Aetna Cas. & Sur. Co., 728 So.2d 573, 577 (Miss. 1999), quoting Shewbrooks v. A.C. & S., Inc., 529 So.2d 557, 561 (Miss.1988). We do not have enough on this record to evaluate the proper forum issue.
¶ 14. The trial judge determined that since the insurance contract in issue was not to be performed in Mississippi, and that the alleged bad faith refusal to provide coverage also did not occur in this state, that there was no subject matter jurisdiction. Those considerations properly arise only under the "long-arm statute" relating to personal, not subject matter, jurisdiction. Miss.Code Ann. § 13-3-57 (Rev.2002) (nonresident who makes a contract with a resident to be performed at least in part in state, or who commits a tort in the state, becomes subject to state court jurisdiction).
¶ 15. We acknowledge that the twin issues of personal and subject matter jurisdiction are not always clearly distinguished. Nonetheless, there is no subject matter jurisdiction defect in a suit brought in circuit court that alleges that damages are owed for breach of contract or for a tort. That is true even if the parties and the contract have no connection to Mississippi. Pullman Palace-Car v. Lawrence, 74 Miss. 782, 22 So. 53, 55 (1897) ("we had supposed there was, in our own state, no ground left for dispute that in transitory actions,[1] whether in tort or on contract, our courts were wide open to any suitor, resident or nonresident, against his adversary, whether resident or nonresident, whether a natural person or an artificial one, regardless of where the right of action occurred"), cited in S. Pac. Transp. Co. v. Fox, 609 So.2d 357, 362 (Miss.1992).
¶ 16. The issue of subject matter jurisdiction "turns on the type of case at issue. It refers to the authority of the court to address `general abstract question[s].'" James L. Robertson, Subject Matter Jurisdiction, in 1 JEFFREY JACKSON (ED.), MISSISSIPPI CIVIL PROCEDURE § 1:1 (2001), quoting Duvall v. Duvall., 224 Miss. 546, 552, 80 So.2d 752, 754 (1955). To use rather circular phrasing, the subject *919 of the suit controls when determining if there is subject matter jurisdiction:
In reviewing a subject-matter jurisdiction challenge to the Constitution's grant of authority, the Supreme Court looks at the type of case by examining the nature of the controversy and the relief sought.
Singing River Mall Co. v. Mark Fields, Inc., 599 So.2d 938, 941-42 (Miss.1992) (citations omitted).
¶ 17. Since the circuit court had authority to resolve the types of issues of contract and tort that were brought to it, and since it could in the abstract provide the relief that the plaintiff requested, there was subject matter jurisdiction.
2. Personal Jurisdiction
¶ 18. We now turn to whether the court could assert personal jurisdiction over the appellant. Progressive Direct was the named defendant, while Mountain Laurel Assurance Company was listed in the complaint as an additional entity to serve.
¶ 19. A foreign insurer, as a condition of receiving a license for doing business, must appoint the state Commissioner of Insurance as its agent for service of process. Miss.Code Ann. § 83-21-1(c) (Rev. 1999). In addition, a Mississippi resident must be named as an agent for service of process. Miss.Code Ann. § 83-5-11 (Rev. 1999). A foreign insurance company that has not been licensed in the state can be sued "upon any cause of action arising in this state under any contract" issued by the company, "in a court of competent jurisdiction in any county in which the plaintiff may reside, or in which the cause of action arose." Miss.Code Ann. § 83-21-29 (Rev.1999).
¶ 20. Hogrobrooks made allegations in her response to the motion to dismiss about the corporate family of which Progressive Direct is a member. No evidence supports the claims, but these are the statements. Progressive Corporation (not Progressive Direct) is traded on the New York Stock Exchange and does business in all fifty states either directly or through affiliates or subsidiaries. Progressive Direct is a subsidiary of this corporation. Another affiliated company, Progressive Adjusting Company, Inc., is listed as a foreign business with the State of Mississippi.
¶ 21. Hogrobrooks is arguing that even though the contract at issue and the alleged tort involved a corporation that was not registered to do business in Mississippi, it is sufficient that a member of the same family was licensed to do business. We will examine the legal correctness of that position.
¶ 22. On a motion to dismiss for lack of personal jurisdictional, the plaintiff carries the burden of proof. Had an evidentiary hearing been held, the plaintiff would have been required to demonstrate jurisdiction by a preponderance of the evidence. 5A WRIGHT & MILLER, FEDERAL PRAC. & PROC. § 1351 (1990). There are no affidavits or other evidence in the appellate record submitted by the defendant to support that the company is not doing business in Mississippi. We adopt the approach utilized by our Mississippi federal cousins that when no pretrial evidentiary hearing is held, the plaintiff must only make a prima facie showing of personal jurisdiction:
The burden of establishing personal jurisdiction over a nonresident defendant under the long-arm statute rests with the plaintiff. The plaintiff must demonstrate both that the long-arm statute applies and that minimum contacts exist with the forum state sufficient to satisfy the constitutional requirement of due process. When a *920 nonresident defendant moves to dismiss for lack of personal jurisdiction, plaintiffs need not make a full showing on the merits that jurisdiction is proper but must make a prima facie showing of the facts upon which in personam jurisdiction is predicated to avoid dismissal for lack of jurisdiction. In this regard, "the allegations of the complaint, except as controverted by the defendants' affidavits, must be taken as true."
Strong v. RG Indus., Inc., 691 F.Supp. 1017, 1018 (S.D.Miss.1988).
¶ 23. Therefore, Progressive Direct's motion put the appellant to the test of presenting a prima facie case of personal jurisdiction. The allegations in the complaint, as supplemented by other pleadings, conceded that neither Progressive Direct nor Mountain Laurel was authorized to do business in Mississippi. There were assertions of a relationship between Progressive Direct and certain other corporations named Progressive, one of which was licensed to do business in the state. She asserted that Progressive Direct sells insurance to Mississippi residents, but the only alleged proof was that she was aware of one other policy. Hogrobrooks admits that there is no registered agent for the corporation in Mississippi. She served process in Ohio and served no one in Mississippi.
¶ 24. The trial court assumed that Mountain Laurel was the proper corporation, but there is no proof of why that is the case. That is unimportant, however, since no evidence exists that either Progressive Direct or Mountain Laurel carries on any activity in Mississippi beyond what we have set out here. Jurisdiction would have to arise from the presence in the state of one possibly related corporation, and from the fact that an accident occurred here for which coverage is owed by one of these corporations. Progressive Direct and Mountain Laurel each are in the same position as to the possibility of personal jurisdiction. If it existed as to either corporation, we would reverse.
¶ 25. With this as the evidence, we turn to what must be proved. The existence of personal jurisdiction is determined by examining both whether the defendant is amenable to service of process and whether the defendant "is within the substantive reach of a forum's jurisdiction under applicable law." DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264 (5th Cir.1983), quoted in James v. McMullen, 733 So.2d 358, 359(¶ 3) (Miss.Ct.App.1999). Personal service was obtained over the defendant. Thus the contested issue of personal jurisdiction solely concerns whether this nonresident defendant has in some manner made itself subject to the jurisdiction of Mississippi courts on the cause of action that had been brought against it.
¶ 26. We look to the long-arm statute to determine if jurisdiction is proper.
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.
Miss.Code Ann. § 13-3-57 (Rev.2002).
¶ 27. We evaluate each element of the long-arm statute. It is uncontested that *921 Progressive Direct and Mountain Laurel are not qualified under Mississippi law to conduct business in the state. Hogrobrooks' claim that Progressive Direct nonetheless does business in Mississippi starts with the assertion that it is a subsidiary of The Progressive Corporation of Ohio. This parent company has another subsidiary, Progressive Adjusting Company. Progressive Adjusting Company is listed as a foreign business with the Secretary of State of Mississippi. Though these assertions are present, they are not supported by any evidence. However, since no evidentiary hearing was held and the defendant presented no affidavits, assertions alone might suffice to support a prima facie case since they were not countered.
¶ 28. It is not the form of the assertion that is most problematic, but its substance. The fact that a parent company has a subsidiary which is listed with the Secretary of State is not enough to show that a different subsidiary of the same company is qualified to do business in Mississippi. In order for there to be jurisdiction, related corporations must disregard their separate legal character in the manner that they operate. Gammill v. Lincoln Life and Annuity Distrib., Inc., 200 F.Supp.2d 632, 634 (S.D.Miss.2001). If it can be established that the corporations do not recognize their separation, then the corporate veil may be pierced allowing one corporation to be subject to jurisdiction where it otherwise would not be. Id.
¶ 29. There was no effort in this case to allege or prove any factual basis for considering any other corporation to be the alter ego of Progressive Direct or of Mountain Laurel. See Gammill, 200 F.Supp.2d at 634-35 (ten factors for analyzing issue). We find that Hogrobrooks has not established that Progressive Direct is subject to jurisdiction in Mississippi even if Progressive Adjusting Company may be, and even if the latter is a related entity.
¶ 30. Another element of the long-arm statute is the entering of a contract with a Mississippi resident. Neither Progressive Direct nor Mountain Laurel made such a contract, nor is any part of the insurance contract in question to be performed in the state.
¶ 31. Still another manner by which the long-arm statute would reach a non-resident is if that entity committed a tort in Mississippi. The alleged tort by Progressive Direct was a bad faith refusal to pay to have her vehicle towed to Texas from Tennessee for repairs, and in other respects properly to make the repairs. The demand and the refusal occurred in Tennessee. The vehicle itself was apparently taken to Tennessee after the accident. No tort occurred in Mississippi that is the subject of the claim against Progressive Direct.
¶ 32. The only connection Mississippi has to this lawsuit is that the car accident occurred in Tunica County. The lawsuit is not about the accident. It concerns the insurance company's subsequent refusal to enforce the repair obligation in the manner that the plaintiff argues is required. From these allegations, Hogrobrooks has yet to establish facts showing the defendant is subject to personal jurisdiction.
¶ 33. Finally, the issue under the long-arm statute of whether Progressive Direct or Mountain Laurel was "doing business" in the state is resolved by examining the following factors:
(1) the nonresident corporation must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by *922 Mississippi must not offend traditional notions of fair play and substantial justice.
Gross v. Chevrolet Country, Inc., 655 So.2d 873, 877 (Miss.1995). There was no act or transaction in the state involving Progressive or Mountain Laurel that is connected to the litigation. There was no purposeful act connected with this dispute that the defendant performed in this state.
¶ 34. Even beyond the failure of this claim to fit within the limits of the statute for obtaining personal jurisdiction over nonresidents, the jurisdiction asserted also fails to comport with the requirements of due process. The defendant must have sufficient minimum contacts with the state such that requiring that party to litigate in Mississippi does not "offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Cappaert v. Walker, 680 So.2d 831, 834 (Miss.1996).
¶ 35. When the litigation does not arise out of any actions by the defendant purposefully directed at Mississippi, and this suit does not, there must be evidence that the defendant's contacts with the state were of a systematic and continuous nature. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). There has been no evidence of any contacts by Mountain Laurel or Progressive with the State of Mississippi, much less "systematic and continuous" ones.
¶ 36. We find these facts analogous to those in a United States Supreme Court precedent. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The court found that the occurrence of an accident is not enough to allow the state of the accident to exercise in personam jurisdiction over a defendant who had no meaningful contacts or business in that state. Id. at 295, 100 S.Ct. 559. The suit was for products liability, was filed in Oklahoma, and asserted personal jurisdiction against a New York automobile wholesaler and retailer. The Supreme Court held that personal jurisdiction could not be based "on one, isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma." Id. at 314-15, 100 S.Ct. 559.
¶ 37. Therefore, were personal jurisdiction to be permitted over the company, traditional notions of fair play would be offended. For all these reasons, no personal jurisdiction existed.
2. Order Allowing Leroy Odom, Jr. an Opportunity to Inspect Hogrobrooks' vehicle
¶ 38. Hogrobrooks finally claims that the circuit court erred when it ordered Hogrobrooks to allow Odom to inspect her automobile. Leroy Odom, Jr. was voluntarily dismissed from this lawsuit by Hogrobrooks. Since Odom is no longer a party to this lawsuit, this issue is moot.
¶ 39. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] "Transitory action" is a phrase that has fallen into disuse. It means an "action that is personal, i.e., brought against the person or the defendantand brought in any county in which service of process upon the defendant is obtained." BLACK'S LAW DICT. 1499 (6th ed.1990). Conversely, a "local action" is one that can be brought only in a particular place. Id.