**MORTENSEN CONSTRUCTION AND UTILITY, INC., Plaintiff**

v.

**GRINNELL MUTUAL REINSURANCE COMPANY, Defendant.**

**Civil Action No. 3:09CV605TSL–FKB.**

United States District Court, S.D. Mississippi, Jackson Division.

April 20, 2010.

William B. Jacob, Self, Jacob & Kieronski, Meridian, MS, for Plaintiff.

Joseph W. Gill, William H. Creel, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Defendant.

*MEMORANDUM OPINION AND ORDER*

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Grinnell Mutual Reinsurance Company (Grinnell) to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Mortensen

Construction and Utility, Inc. (Mortensen) has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Grinnell, an Iowa corporation with its principal place of business in Iowa, sells insurance and reinsurance policies to customers in twelve midwestern states. In or prior to 2008, Grinnell, through an agent located in Minnesota, sold a policy of commercial general insurance to Mortensen, which is a Minnesota corporation. In October 2008, while the policy was in effect, Mortensen was hired by a Mississippi company, Deviney Construction Company, as an independent contractor to perform certain work for AT & T on a project in Hinds County, Mississippi. In February 2009, during the course of that work, Mortensen reported to AT & T that it had discovered that an AT & T telephone line was damaged. AT & T claimed that the damage had been caused by Mortensen and demanded, through Deviney, that Mortensen pay for the damage, totaling nearly $25,000. Mortensen sought coverage for AT & T's claim under Mortensen's CGL policy with Grinnell, but Grinnell refused payment, taking the position that Mortensen had not caused the damage to AT & T's line. According to Mortensen, Grinnell steadfastly rejected Mortensen's repeated attempts to secure payment under the policy, even after being informed that AT & T had withheld payment for Mortensen's services as a means of recovering for the damage to the line. Thus, in September 2009, Mortensen filed suit against Grinnell in the Circuit Court of Hinds County, Mississippi, alleging claims for negligent failure to pay, breach of the duty to defend, and for wilful and wanton breach of the insurance policy.

Grinnell timely removed the case to this court on the basis of diversity jurisdiction, following which it promptly filed the present motion to dismiss for lack of personal jurisdiction, insisting therein that there are no facts to support an exercise of personal jurisdiction over it by a court in Mississippi. In support of its motion, Grinnell has presented evidence that it sells insurance products only to customers in twelve midwestern states; that it does not now nor has it ever sold insurance or reinsurance in Mississippi; that it is not licensed to do business in Mississippi; that it does not advertise or market its products in the state of Mississippi; that it has no offices or employees in Mississippi; and that no Grinnell employee has ever performed any services or work of any kind in Mississippi. Grinnell further points out that the policy which is the subject of this lawsuit was issued by Grinnell in Minnesota, to a Minnesota corporation, through a Minnesota agent.

A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed by a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir.1997), *cert. denied*, 522 U.S. 1048, 118 S.Ct. 691, 139 L.Ed.2d 637 (1998). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Id.* at 281 (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir.1989)). However, if state law does not allow for the assertion of personal jurisdiction over the defendant, the court need not consider the due process issue. *Cycles*, 889 F.2d at 616.

The Mississippi long-arm statute provides in relevant part that:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13–3–57. Since Mortensen is not a resident of Mississippi, then by its clear terms, the contract prong of the long-arm statute obviously has no potential applicability here since jurisdiction under this prong is premised on the non-resident defendant's having entered a contract "with a resident of this state." Likewise, as a non-resident corporation, Mortensen cannot rely on the "doing business" prong of the long-arm statute as a basis for asserting personal jurisdiction over Grinnell. *See Delgado v. Reef Resort Ltd.,* 364 F.3d 642 (5th Cir.2004) (observing that "[t]his court has on numerous occasions interpreted (Mississippi's long-arm) statute to mean that non-residents may not sue non-resident corporations doing business in Mississippi" and that "[n]o intervening change in state statute or case law has occurred that would allow us to abandon the existing circuit precedent"), *cert. denied,* 543 U.S. 1003, 125 S.Ct. 623, 160 L.Ed.2d 463 (2004); *Submersible Sys., Inc. v. Perforadora Central, S.A.,* 249 F.3d 413, 418 (5th Cir.2001) (observing that "a non-resident plaintiff ... may not take advantage of the doing business portion of the Mississippi long-arm statute"); *Herrley v. Volkswagen of America, Inc.,* 957 F.2d 216, 216 (5th Cir.1992) (per curiam) (holding that "the 'doing-business' provision of the Mississippi long-arm statute is not available to non-resident plaintiffs"). Thus, only the tort prong of the long-arm statute is available to Mortensen. *See Cowart v. Shelby County Health Care Corp.,* 911 F.Supp. 248 (S.D.Miss.1996).

In response to Grinnell's motion, Mortensen argues that Grinnell committed a tort in Mississippi because it investigated AT & T's claim in Mississippi; it failed and refused to pay AT & T's claim against Mortensen, which Mortensen submits occurred in Mississippi; and it failed and refused to defend Mortensen against AT & T's claim, which Mortensen contends also occurred in Mississippi. More specifically, Grinnell argues as follows:

When AT & T made its demand upon the Plaintiff through the general contractor, the Defendant willfully refused to pay same and this refusal occurred within the State of Mississippi. Further, this refusal was pursuant to "an investigation" made by the Defendant into these allegations and the claim itself.

. . .

[B]y the Defendant's own admissions and exhibits, regarding one of its insured, by investigating the claims of the insured (the Plaintiff) in the State of Mississippi a tort has been committed in the State ... Further, pursuant to that investigation, both telephonic and written communication was made with the representative of AT & T, ... located at 2115 Highway 471, Brandon, Mississippi 39047.... Additionally, the failure to pay the claim of the Plaintiff occurred within the State of Mississippi and the Defendant failed to defend the allegations of AT & T against the Plaintiff in the State of Mississippi.

. . .

[I]t is eminently clear that the Defendant within the State of Mississippi has committed the tort of failing to pay a claim submitted by its insured (the Plaintiff). Further, it is eminently clear that the Defendant has committed the tort of failing to defend its insured (the Plaintiff) against a claim submitted by AT & T. This is especially true since AT & T has received payment of its alleged damages ultimately from the Plaintiff through withholding of payments due. Thus, the tort prong ... of the Long Arm Statute (has) been satisfied.

In the court's opinion, no part of any tort alleged by Mortensen was committed in Mississippi.

Even assuming it could be fairly said that some part of Grinnell's investigation of AT & T's claim occurred in Mississippi, that would not support an exercise of personal jurisdiction under the tort prong of the long-arm statute, as Mortensen has not alleged that Grinnell committed any tort in connection with its investigation. *Cf. Hogrobrooks v. Progressive Direct,* 858 So.2d 913, 921 (Miss.Ct.App.2003) (recognizing that for tort prong of long-arm to support jurisdiction, tort which occurs in Mississippi must be the tort that is the subject of the claim against the defendant).

Moreover, as Grinnell correctly argues, an insurer's refusal to pay a claim does not occur in Mississippi merely because the claim itself arises in Mississippi. Here, Mortensen challenges Grinnell's refusal to pay AT & T's claim (notwithstanding what Mortensen acknowledges was Grinnell's correct determination that Mortensen did not cause and was not responsible for the damage to AT & T's line). No part of this alleged tort, be it Grinnell's challenged decision or the injury claimed by Mortensen as a result of that decision, was committed or occurred in Mississippi.[1] *Cf. Hogrobrooks,* 858 So.2d at 921 (recognizing that court must look beyond where accident occurred to where actual tort occurred, so that where plaintiff's suit was not about automobile accident that occurred in Mississippi but rather concerned "the insurance company's subsequent refusal to enforce the repair obligation in the manner that the plaintiff argues is required," court held alleged tort was not committed in Mississippi but rather in insured's home state of Tennessee, where damaged vehicle was located); *Walker v. World Ins. Co.,* 289 F.Supp.2d 786, 789 (S.D.Miss.2003) (holding that "[t]he actual injury or tort underlying Plaintiff's ... claim is the alleged wrongful ... determination regarding Plaintiff's insurance claim(s)," which occurred where the defendant insurer was located).

Therefore, based on the foregoing, it is ordered that Grinnell's motion to dismiss for lack of personal jurisdiction is granted.

---

1. Mortensen's charge that Grinnell committed a tort in Mississippi by its (tortious) failure to defend Mortensen against a "claim" submitted by AT & T is ultimately, in substance, nothing more than a reiteration of its tortious failure to pay claim. The standard CGL policy does not impose a duty to "defend" in the absence of a suit or some legal proceeding initiated against the insured, which never occurred here. Mortensen's position appears to be that, notwithstanding that it was not liable for any damage to AT & T's line, Grinnell nevertheless had a duty to protect or "defend" Mortensen's financial interest by paying AT & T's "claim" (not "suit") since otherwise, AT & T would extract payment from Mortensen indirectly, by withholding payment to Deviney, which would in turn withhold payment from Mortensen. Mortensen appears to further contend that once AT & T and Deviney did withhold payment as a means of obtaining payment from Mortensen for damage to the line, Grinnell had a duty to protect Mortensen's financial interest by reimbursing or paying Mortensen, and then seeking its recovery from AT & T. This is not a separate tort from the tortious failure to pay claim.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.