JAMES, J.,
dissenting:
¶ 71. I find that the circuit court lacked complete subject-matter jurisdiction over this matter; thus, the circuit court erred in dismissing Breeden’s claim with prejudice, rather than dismissing the claim without prejudice or transferring the case to the chancery court. Because I find the jurisdictional issue to be dispositive, I would reverse and remand this case to the Chancery Court of Marion County. Therefore,I respectfully dissent.
*1072 I. Jurisdiction
¶ 72. I find that the circuit court lacked complete jurisdiction over the subject matter in this case and inappropriately split the cause of action. Therefore, I would reverse.
¶ 73. Jurisdiction is a question of law, which appellate courts review de novo. Hogrobrooks v. Progressive Direct, 858 So.2d 913, 916 (¶ 9) (Miss.Ct.App.2003). Jurisdiction is “[a] court’s power to decide a case or issue a decree.” Black’s Law Dictionary 927 (9th ed. 2009). Complete jurisdiction is a court’s power to decide matters presented to it and to enforce its decisions. Id. Personal jurisdiction is “[a] court’s power to bring a person into its adjudicative process.” Id. at 930. Whereas subject-matter jurisdiction is “jurisdiction over the nature of the case and the type of relief sought[.]” Id. Subject-matter jurisdiction is a question of the court’s authority to entertain and proceed with a case. Bullock v. Roadway Express Inc., 548 So.2d 1306,1308 (Miss.1989).
¶ 74. Splitting a cause of action is “[sjeparating parts of a demand and pursuing it piecemeal; presenting part of a claim in one lawsuit, leaving the rest for a second suit.” Black’s Law Dictionary 1531 (9th ed. 2009). This practice has long been considered procedurally impermissible. Mississippi is among the majority of states that do not allow splitting a cause of action. Alexander v. Elzie, 621 So.2d 909, 910 (Miss.1992) (citing Kimball v. Louisville & N.R. Co., 94 Miss. 396, 48 So. 230 (1909)). Res judicata and the issue of splitting a cause of action are closely related. Id. (citing Rosenthal v. Scott, 150 So.2d 433, 436 (Fla.1963)).
¶ 75. In the present case, the circuit court had jurisdiction over the parties, but it did not have complete jurisdiction over the subject matter. This resulted in claim-splitting because the circuit court did not have jurisdiction to hear part of the case that had been litigated in chancery court and needed to be reopened according to Breeden.[5] Whether Breeden entered into the property-settlement agreement under duress, and the validity and enforceability of the property-settlement agreement, are matters exclusively within the jurisdiction of the chancery court.[6] See Miss. Const. *1073 art. 6, § 159 (stating that the “chancery court shall have full jurisdiction in ... [a]U matters in equity [and][d]ivorce and alimony”); see also Rogers v. Eaves, 812 So.2d 208, 211 (¶ 15) (Miss.2002) (noting that all “issues of divorce, alimony[,] and other related proceedings are all clearly within the subject matter jurisdiction specifically granted to our chancery courts”); see also Miss.Code Ann. § 9-5-81 (Rev. 2002) (stating that in addition to the matters conferred upon fhe chancery court by our constitution, the chancery court shall have “jurisdiction of all cases transferred to it by the circuit court or remanded to it by the supreme court; and such further jurisdiction ... [as] provided by law”). Therefore, the circuit court erred in ruling on these issues and proceeding to rule on the issue of Breeden’s insurable interest.
¶ 76. Mississippi Rule of Civil Procedure Rule 12(h)(3) provides that if “the court lacks jurisdiction of the subject matter, the court shall dismiss the action or transfer the action to the court of proper jurisdiction.” Here, complete jurisdiction was in the Marion County Chancery Court. In B.A.D. v. Finnegan, 82 So.3d 608, 614 (¶ 27) (Miss.2012), our supreme court held that it was error to dismiss a case with prejudice for lack of subject-matter jurisdiction. Under Article 6, Section 147 of the Mississippi Constitution,[7] this Court will not reverse for the sole reason that a plaintiff has misjudged his forum. White v. Willis, 111 Miss. 417, 71 So. 737, 737 (1916). There must be causes independent of jurisdiction as to whether the case is for equity or law, and where a party has been denied legal or. equitable rights, a judgment will be reversed, and the case will be sent to the court that is best fitted to administer justice. Miss. Const, art. 6, § 147; Dilworth v. Fed. Reserve Bank of St. Louis, 170 Miss. 373, 150 So. 821, 824 (1933).
¶ 77. Breeden’s rights were denied when the circuit court proceeded with part of the case that should have been litigated after the chancery court considered the validity of the property-settlement agreement. Furthermore, transferring the case to the chancery court pursuant to Rule 12(h)(3) would have been proper in order to avoid interrupting the tolling of any statute of limitations. In Rayner v. Raytheon Co., 858 So.2d 132, 134 (¶ 9) (Miss.2003), the court held that a dismissal with prejudice indicates a ruling on the merits, which is not appropriate for lack of jurisdiction. I would find that the circuit court committed reversible error when it split the cause of action as opposed to dismissing it without prejudice or transferring it to a court of proper jurisdiction.
II. Other Issues
¶ 78. Although I find that the jurisdictional issue is dispositive in this case, for *1074 the sake of discussion, I note that I agree with the majority’s finding that the trial court erred in determining that Breeden’s claim for negligent infliction of emotional distress was filed outside of the limitations period, and in finding that the circuit court erred when it failed to grant Breeden leave to amend his complaint. However, I find that the circuit court erred in converting the Rule 12(b)(6) motions to. dismiss into Rule 56 motions for summary judgment without giving Breeden the requisite notice.
¶ 79. The majority holds that the circuit court properly considered the motion to dismiss and, to hold otherwise, would lead to an improper result. I disagree.
¶ 80. Rule 12(b) states:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56[.]
¶81. In the pleadings below, Breeden did not attached the entire policy to his complaint; instead, he only attached the policy declarations. Later, Nationwide filed the entire policy as an exhibit to its motion to dismiss, which contained the definitions and information pertaining to “insurable interest.” It is clear that the circuit court considered matters outside of the pleadings because it considered the entire policy in determining that Breeden did not have an insurable interest. Therefore, the motion was converted into one for summary judgment under Rule 56.[8]
¶ 82. The majority is correct in noting our departure from the rule announced in Sennett v. United States Fidelity & Guaranty Co., 757 So.2d 206 (Miss.2000), where the Mississippi Supreme Court held that the circuit court could consider insurance policies attached to a motion to dismiss without converting it into a summary-judgment motion. However, I disagree with the majority’s finding that the decision in State v. Bayer Corp., 82 So.3d 496 (Miss.2010), is not applicable here. In reaffirming its departure from Sennett, the supreme court has noted that “rather than adhering to the reasoning in Sennett, this Court has affirmed its allegiance to the rule limiting review of a Rule 12(b)(6) motion to the face of the complaint.” Delta MK LLC v. Miss. Transp. Comm’n, 57 So.3d 1284,1290 (¶ 16) (Miss.2011) (emphasis added). In accordance with that decision, review of a Rule 12(b)(6) motion is limited to the face of the complaint.
¶ 83. Upon review of the proceedings below, it is apparent that the circuit court considered the entire policy that was attached to Nationwide’s motion to dismiss; thus, the motion was converted into a motion for summary judgment.
¶ 84. When a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment under Rule 56, the nonmoving party must be afforded ten days’ notice of the court’s intention to conduct a summary-judgment hearing on a date certain. See Delta MK, 57 So.3d at 1289 (¶ 13). Here, Breeden was given no such notice.
¶ 85. The circuit court did not have complete jurisdiction of the subject matter, *1075 which resulted in claim-splitting. I find that the circuit court committed reversible error when it split the cause of action rather than transferring the case to the chancery court pursuant to Rule 12(h)(3), or dismissing the action without prejudice. Accordingly, I would reverse and remand this case to the Chancery Court of Marion County.

. Although Breeden did not raise this issue in his original brief before this Court, Breeden did argue in supplemental briefing that the chancery court, which originally presided over the property-settlement agreement, was in the best position to preside over the matter. I would further note that "the question of subject-matter jurisdiction may be raised at any time.” B.A.D. v. Finnegan, 82 So.3d 608, 614 (¶ 23) (Miss.2012). Article 6, Section 147 of the Mississippi Constitution provides that the appellate court "may remand [a case] to that court which, in its opinion, can best determine the controversy.” Thus, because the chancery court exercises exclusive jurisdiction over the subject matter relating to divorce, including any change to the divorce decree, I would remand this case to the chancery court.

. I note that, on the same day that Breeden and Buchanan filed for divorce, the parties executed a notarized but unfiled document, which read as follows:
WILLIE FAYE BREEDEN, and DONALD WAYNE BREEDEN, do hereby agree to allow [Donald] to live in [the] home at 158 Mt. Bethel Road, Sandy Hook, Mississippi,] until July 21, 2010[,] and to leave his property from our [d]ivorce [p]roperty [settlement agreement at 158 Mt. Bethel Road, Sandy Hook, Mississippi 39478[,] until [the][d]ivorce [d]ecree is [fjinal but may be removed prior to divorce at his discretion. Property will remain in [the] same condition that it appear[ed] on this the 7th day of July 2010 until removed from [the] home. If any disasters were to occur to [the] home and personal belonging[s] before [the] divorce is final[,] Donald will be entitled to 30% of [the insurance for the home content only].
This unfiled document was executed the same day as the property-settlement agree *1073 ment, but it was not a part of the final judgment of divorce or the property-settlement agreement. This document was merely attached as an exhibit to an unfiled first amended complaint in circuit court. Further, the parties’ property-settlement agreement stated that it was "a mutually acceptable settlement of all property rights between them[.]” (Emphasis added). Therefore, I would refer this document back to chancery court for its consideration, if any, on remand.

. Article 6, Section 147 of the Mississippi Constitution states:
No judgment or decree in any chancery court or circuit court rendered in a civil case shall be reversed or annulled on the ground of want to jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was in equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.

. The initial notice of hearing set the hearing for October 24, 2011. There was a re-notice of hearing entered, which set the hearing for November 14, 2011, at 1 p.m. According to Nationwide and Buchanan, a hearing was held on November 14, 2011, but the hearing was not on the record, which is why there is no transcript of the proceeding.